## Commonwealth, by, etc. v. Perkins' Executor, etc.

(Decided November 23, 1923.)

### Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

Taxation—Omitted Property could be Retroactively Listed in 1921 as of September 1, 1917, Barring Subsequent Action for Penalties.—Under Acts Special Session, 1917, chapter 11, section 6 (Kentucky Statutes, section 4019a-12), personal property omitted from assessment before September 1, 1917, could be listed any time before proceedings by the revenue agent for assessment, thus preventing an action by the revenue agent with the consequent penalties, and a listing in 1921 barred a subsequent action.

EDWARD J. TRACY, ARTHUR E. HOPKINS and B. W. GILFILLEN for appellant.

S. D. ROUSE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On December 19, 1921, the Commonwealth of Kentucky by its revenue agent, William O. Mays, filed in the Kenton county court a statement against appellee and defendant below, Frank H. Perkins, executor of the last will and testament of William S. Perkins, seeking to assess for state and county taxes for the years 1912 to 1916, both inclusive, certain enumerated intangible personal property claimed to have been owned by the decedent at the assessing dates of each of those years and not assessed by him with any of the authorities having the right to make the assessment. In the first paragraph of the answer to the statement defendant relied on the statute of limitations of five years, and in the second paragraph he alleged that the property sought to be assessed by the statement was listed before the commencement of the proceedings with and assessed before the county court "as of September 1, 1917." A demurrer was filed to both paragraphs of the answer and it appears that the court did not act on it as to the first paragraph, but it was overruled as to the second one. A reply was filed thereto in which it was alleged that the assessment with the county court was not made until October 4, 1921 (two and one half months before filing of the statement), and the court sustained the demurrer filed thereto by defendant, and plaintiff declining to plead further the statement was dismissed. An appeal by the plaintiff to the Kenton circuit court resulted in the same judgment, to reverse which this appeal is prosecuted.

Chapter 11, Acts Special Session, 1917, page 44, made provisions for the assessment and taxation of the character of property here involved, and section 6 of the chapter (now subsection 12 of section 4019a of the 1922 edition of Carroll's Statutes), enacted that:

"When any money in hand, notes, bonds, accounts, or other credits, secured or unsecured, or shares of stock liable to assessment shall in any one year be omitted from assessment, under the provisions of this act, it may at any time not later than ten (10) years thereafter, be assessed retrospectively in the manner provided by sections 4258 to 4267, Kentucky Statutees, except that in addition to the penalty prescribed by those sections, a penalty of one hundred per cent of the amount of the taxes and interest at six per cent per annum from the time the

taxes should have been paid, shall be recovered. Said additional penalty and interest shall be paid into the state treasury.

"Provided, further, that after September 1st, 1917, no action shall be commenced nor proceeding taken on behalf of the state or any county, city, town or taxing district to assess for taxation for any period prior to September 1st, 1917, any personal property described in this section required to be listed for taxation which had theretofore been omitted or which may be claimed to have been omitted, if such property has been so listed for taxation as of September 1st, 1917; nor shall any pending action, prosecution or proceeding be amended so as to include any such personal property listed as of said date."

Prior to the passage of the statute the right of a revenue agent to assess retroactively omitted property under the provisions of section 4260 of the 1922 edition of the statutes was barred, under numerous opinions of this court, if not instituted within five years from the time when the right to do so first accrued, and it will be observed that the 1917 statute extended such right to so assess the character of property here involved to ten years if it was omitted from any assessment "under the provisions of this act." Since, however, the court below declined to adjudge whether the ten-year period contained in the 1917 statute was prospective only, or whether it could be given a retroactive effect, we have determined, in view of our conclusions touching the immunity clause of the statute, to also pass that question without deciding it.

Prior to the enactment of the statute, vast amounts of property of the character described were in hiding and withheld from assessment for taxation. As an inducement for the owner to reveal and assess it "as of September 1st, 1917," without the machinery of the law compelling him to do so, he was granted relief from having it assessed for prior years as omitted property if he did so. The result, as was expected and intended, was a tremendous increase in subsequent assessments of that class of property.

The retroactive assessment made by the executor in this case with the county court on October 4, 1921, while made before a proper assessing authority and prior to the filing of the statement by the revenue agent, and consequently before any legal steps were taken to compel it,

was, nevertheless, done after the closing of the assessment books for the assessment year beginning September 1st, 1917. The question, therefore, is, whether a retroactive assessment made by the owner without compulsion, as was done in this case, will be sufficient to entitle him to the immunity granted by the statute. There is certainly nothing in its language indicating that it was the intention or purpose of the legislature to confine the right to the immunity to a voluntary assessment by him *during* that year. A literal interpretation of its terms would seem to extend to the immunity right, if the owner voluntarily discovered the property and assessed it, as of the date mentioned, at any time before he was proceeded against for the purpose, and which interpretation seems to agree with the ultimate purpose and intention to be accomplished by the immunity provision. An analysis of it is, "No action (of the character here involved) shall be commenced . . . to assess for taxation for any period prior to September 1st, 1917 (any of the property of the kind here involved, and which had been omitted), if such property has been so listed for taxation as of September 1st, 1917." It will, therefore, appear that the provision is that no such action shall be commenced if at that time the property "has been (theretofore) so listed for taxation as of September 1st, 1917." It did not expressly or by necessary implication withhold the right of the revenue agent to proceed to assess the property as omitted *only* upon condition that there *had been* a voluntary assessment *during* the assessing year beginning September 1st, 1917; but as we interpret it his right to do so was denied if such an assessment *had been* made *at any time* before he proceeds. In other words, our conclusion is that the extended immunity offered to the delinquent taxpayer was not limited, save and except that he should repent before the Comonwealth, through its revenue agent, attempted to force him to do so. That construction fulfills the intent and purpose of the provision, and at the same time gives no undue advantage to the revenue agent which might flow from a voluntary divulgence of the property by the owner. If it were otherwise there would be many cases where a personal representative, as is defendant here, could not voluntarily assess retroactively the property of his decedent without incurring the penalty of paying taxes and high penalties for the preceding years limited

by the statute. The trial court so interpreted the provision, and, since its construction conforms to the language employed, and at the same time fulfills the purpose of the legislature in enacting it, we conclude that the judgment was proper. We do not regard the doctrine of the cases of Commonwealth, etc. v. Alford's Executor, 187 Ky. 106; City of Lexington v. Lexington Leader, etc., 193 Ky. 107, and City of Henderson v. Delker Co., idem, 248, relied on by appellant as applicable to, or decisive of, the question here involved.

Wherefore, the judgment is affirmed.