### Klosterman, Sheriff v. Johnson et al.

(Decided October 2, 1928.)

(As Modified on Denial of Rehearing, December 4, 1928.)

#### Appeal from Kenton Circuit Court.

1. Taxation.—Taxpayers, appearing before county clerk and listing personal property for taxation before taxes for year were payable, and tendering amount due to sheriff, held not liable for 100 per cent. penalty provided by Ky. Stats., sec. 4019a-12, as amended by Acts 1926, c. 164, though listing of property had originally been overlooked on account of illness.

2. Taxation.—Property which has been listed for taxation in either of the ways provided by law is not "omitted property," within the meaning of Ky. Stats., sec. 4019a-12, as amended by Acts 1926, c. 164, so as to authorize assessment of penalty thereunder.

3. Taxation.—A penalty is exacted under Ky. Stats., sec. 4019a-12, as amended by Acts 1926, c. 164, only when taxpayer is at fault or to blame for failure to assess property.

J. W. CAMMACK, Attorney General, and RODNEY BRYSON and RICHARD T. VON HOENE for appellant.

ROUSE & PRICE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John A. Johnson and Elizabeth Johnson, his wife, were on July 1, 1926, residents of Kenton county, and owned personal property subject to taxation. On account of illness they overlooked the listing of their property for taxation. The tax commissioner did not see either of them, and failed to call at the residence, or to furnish a schedule, or to secure the assessment of the personal property. He did, however, assess their real estate. The board of supervisors likewise failed to assess the personal property. The Johnsons were absent from the state when the board of supervisors met, and did not receive a notice which was sent to them by mail. Before the taxes for that year were payable, however, Mr. John-

son appeared before the county clerk of Kenton county and listed the personal property for taxation. He then tendered to the sheriff the amount of taxes due. This was in November, 1927, while the taxes were still payable without penalty. The sheriff refused to accept the payment and demanded a penalty of 100 per cent. on the taxes due, under section 4019a12, Kentucky Statutes, as amended by the Act of March 18, 1926 (chapter 164, p. 739). Thereupon this action was instituted by the Johnsons against the sheriff to enjoin him from coercing the payment of the 100 per cent. penalty. The circuit court granted the relief sought and the sheriff has prosecuted this appeal.

It is argued for the commonwealth that the penalty of 100 per cent. on the tax due, provided by section 4019a-12 as amended, applies when the taxpayer fails to list his property with the county tax commissioner or to have it assessed by the board of supervisors. It is the duty of the county tax commissioner or his deputy to see in person or to call at the residence or usual place of abode of all taxpayers of his county who fail to appear at his office between July 1st and October 31st of each year. If the taxpayer is not found at his home, the commissioner or deputy is required to leave a written notice, together with a copy of the schedule. It is then the duty of the taxpayer to appear before the tax commissioner and list his property. Failure to respond to the notice may subject the taxpayer to fine. Section 4042a12, Ky. Stats. If any person shall fail to list his property with the assessor, or if the assessor shall fail to list it as required by the statute, it then becomes the duty of the board of supervisors to assess for taxation all property omitted by the tax commissioner. Section 4120, Ky. Stats. Procedure is provided for compelling the assessment of property of a recalcitrant owner of taxable property. Sections 4061-4063, Ky. Stats. Provision is made by section 4064, Kentucky Statutes, for any person who has failed to give in his list of property in whole or in part, because he was not called upon, by the assessor, to list his property with the county clerk for assessment, and imposes upon the taxpayer the duty of so listing his property. This may be done at any time after the assessor has returned his books.

It will be observed that there is provided by law three methods of assessing property for taxation, and property listed and assessed in either of these ways is

assessed in the manner provided by law. Taxpayers so assessed are not subject to the penalties denounced by section 4019a12, Kentucky Statutes. The penalty of 100 per cent. on the taxes due applies when property has not been assessed in either of the ways provided by law, and contemplates a coercive assessment by the agencies of the commonwealth after the taxes are due. The title to chapter 164 of the Acts of 1926 indicates that its provisions were designed for the assessment and collection of taxes on "omitted intangible personal property" and for penalties and interest on such taxes; but property which has been listed in either of the ways provided by law is not "omitted property," within the meaning of that act, and the penalties do not apply to a taxpayer who performs his duty in a manner provided by law. Cf. Commonwealth v. Perkins' Ex'r, 201 Ky. 218, 256 S. W. 711.

A penalty is exacted only when the taxpayer is at fault or to blame for the failure to assess the property. Commonwealth v. Bingham, 188 Ky. 616, 223 S. W. 999. The penalties authorized by the statute upon a coercive assessment of property do not apply to a voluntary assessment made by the taxpayer himself in a manner allowed by law. The only penalty visited upon a taxpayer who lists his property in either of the ways provided for that purpose is the one arising from a default in the payment of the taxes when due and payable. The commonwealth is interested in obtaining the assessment of all property subject to taxation, and a study of the statutes is convincing that the purpose of the Legislature was to secure, in so far as possible, a voluntary listing of all property. It would frustrate that purpose to affix a penalty upon the taxpayer who availed himself of one provision of the law, and no such intent can be spelled out of existing legislation upon the subject.

What has been said disposes of the case presented, and we see no room for misapprehension of the law or misconstruction of the decision. But deference to the earnest insistence of the legal department of the state government impels us to repeat somewhat more in detail what the law requires in the matter of assessments, in general, and the penalties prescribed for defaults.

The plan for assessing property, tangible and intangible, has been specifically defined by law. Our duty is confined to interpretation of the law as applied to particular cases. The first step is the creation of the office of tax commissioner, and imposing on him the primary

duty of making assessments for taxation in the manner defined by an elaborate system of legislation. He is provided with an office at the county seat, where property may be assessed from the 1st day of July until and including the 31st day of October in each year. While the law does not expressly make it the duty of the taxpayer to call at the office of the county tax commissioner and list his taxable property, yet it is clearly inferable that the taxpayer has the right to do so, whether optional or obligatory. As affecting the individual property owner, the plan for assessing his property may be summarized:

1. If the taxpayer has not voluntarily called at the office of the county tax commissioner within the time limited, and there listed and valued his property, it is the duty of the tax commissioner, or one of his deputies, to see the putative taxpayer, or to call at his residence, or usual place of abode, and obtain an assessment of all the property of the owner.

2. If the owner is not at his residence, or usual place of abode, when the tax commissioner calls, it is the duty of that officer to leave a written notice, together with a copy of the schedule. The notice must state in substance that the commissioner, or deputy, as the fact may be, has called for the purpose of listing his property for taxation. It then becomes the duty of the owner to appear personally before the tax commissioner, or a deputy, at the office, and list his property within the time provided for the assessment of property.

The two steps pointed out result theoretically in the assessment of all property in the county, but in actual experience it may happen that some taxable property has escaped assessment. The law has attempted to provide for the exceptions that experience has shown to be likely. We find, therefore, that the General Assembly provided for the assessment of property when the assessor had failed to get it by the steps already mentioned.

3. If the tax commissioner, or his deputy, calls at the place of business or abode of a property owner, or leaves the required notice, and the owner for some good reason cannot appear before the tax commissioner, or has a reasonable excuse for his omission to assess his property before the tax commissioner, or his deputy, as contemplated in the first two steps, he may list his property on a regular schedule, make the affidavit on the form fixed by the schedule, and return it to the county tax commissioner, which shall be treated as a compliance with that provision of the law.

The General Assembly evidently thought that the assessment of all property was amply provided for by the three steps thus outlined in section 4042a12, Ky. Stats. The tax commissioner, it was supposed, would have reached every taxpayer in the county, either by going to the taxpayer, or the taxpayer coming to him. If, however, anything prevented the taxpayer from getting his assessment on the list in the presence of the tax commissioner, he was permitted to make out his schedule, verify it, and send it to the tax commissioner.

It was foreseen that some property owners might be recalcitrant, and not conform to the course outlined for them. Section 4061, Ky. Statutes, in that event, made it the duty of the county tax commissioner to report the recalcitrants to the county clerk. It is then provided by the next section that the county clerk shall issue a summons against such delinquents to appear for trial. This is a proceeding to punish them for their disobedience. But still the next section authorizes the county court to direct the county clerk to take the list of the recalcitrant property owners, and when it is so taken it must be certified to the sheriff and auditor, so that it may be charged to the sheriff and accounted for by him as other revenue. The county court may, in its judicial discretion, excuse the delinquent, or impose a fine upon him under section 4062, Ky. Stats.

The foregoing steps constitute the legal structure erected for the assessment of property for taxation. If any taxpayer should fail to assess his property after the assessing officers have complied with the provisions of the law, he may yet escape the payment of penalties by assessing his property before the county board of supervisors whilst they are in session. If the county board of supervisors have adjourned, and the tax books have been prepared and certified, and the property of the taxpayer is not included on the assessment rolls, and no proceeding has been commenced against him for the assessment of his property, and his property has been omitted from assessment by reason of his own failure to comply with any of the provisions of the law, the penalties have been incurred, and there is no way for him to escape them.

But the General Assembly had in mind that there might be cases where the taxpayer was not included on the assessment rolls without his fault, because the assessing officers had failed in some particular to perform the duties imposed on them. Section 4064, Ky. Stats., was

to take care of cases of that character. If the taxpayer failed to list his property *because he was not called upon by the county tax commissioner,* he is permitted to go before the county court clerk and assess his property, and in such cases he is subject to no penalty. Section 4064, it will be seen, has a very narrow application, and is not available to a taxpayer, except where the assessing officers have been derelict in one of the duties expressly imposed upon them. No taxpayer can avail himself of that section where he has failed to assess his property in the manner provided by law, unless his failure so to assess the property was caused by the omission of the county tax commissioner, or deputy, to call upon the owner for his assessment. If the property owner is called upon by the county tax commissioner and fails to give his list, either in whole or in part, he cannot escape the penalty as to the omitted property by assessing it under section 4064. If he receives notice from the tax commissioner, or from the county board of supervisors, in the manner provided by law, and fails in his duty, he cannot escape the penalty. He can only escape the penalty when the tax commissioner fails to call upon him, or fails to give him the statutory notice. The taxpayer may escape the penalties, even though he has received notice from the tax commissioner, which he has failed to obey, and even though he has failed to list his taxables with the commissioner, when called upon, by listing his property, or the omitted part of it, with the county tax commissioner, or the board of supervisors, at any time before the work of the board is finally completed. But after that time he is subject to the penalty, unless, perchance, he has been proceeded against in the manner provided in sections 4061, 4062, and 4063, Ky. Stats., and such proceedings have not been terminated.

Under section 4064 the county clerk is not a mere repository of any list the property owner may choose to offer, but he is an assessing officer, with all the powers, and subject to all the duties, of the regular assessor, and is governed by the same laws. Constitution, sec. 172. He must require the property to be listed and valued properly, and he should possess, or proceed to acquire, such facts as may be necessary to qualify himself for the performance of his duty.

In this case the appellees were not called upon by the county tax commissioner, or given notice to appear before him, or the county board of supervisors. There-

fore section 4064 was expressly applicable and peculiarly available to them, and in so proceeding they conformed to the law, and were subject to no penalty.

The judgment is affirmed.