## Davis, Sheriff, v. Rowland.

February 8, 1949.

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and Maurine Sharp, Attorney for Department of Revenue for appellant.

T. E. Mahan for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

The questions of law presented in the instant case are similar to those discussed in Davis, Sheriff v. Becker, 309 Ky. 775, 217 S.W.2d 796. The proceedings throughout both were identical with the same result, the trial court overruling both general and special demurrers. The only difference is in parties and facts, the latter requiring a different treatment.

Mrs. Rowland inherited from a son stocks and bonds of 18 corporations, the alleged total market value as of the first of July 1946, being $204,000. Mary Rowland, administratrix, and her mother were plaintiffs below, and alleged in their petition that ''soon after the first of July 1, 1946, they were visited by a deputy tax commissioner, and they secured their records and proceeded to list with him all taxable property, including the corporate stocks and bonds. Not knowing their market value at the time, they agreed with the tax assessor that they would later furnish the assessing authorities with proper valuation of the stocks and bonds in accordance with a book furnished by the Revenue Department, which the deputy said was in the Tax Commissioner's office.

It was alleged that the deputy took their list, the intangibles being listed on a separate form, which was turned over to the Tax Commissioner, later certified to the sheriff. It was alleged that as had been her custom for many years, she (the personal representative) went to the sheriff's office a few days prior to November 1, 1947, for the purpose of paying the taxes. The sheriff looked up the tax bill, and informed her that there was an error as to amount of taxes due. Upon investigation it was found that Mrs. Rowland had not been assessed

with intangibles, and the personal representative went to the office of the Tax Commissioner and found that Mrs. Rowland "was not assessed in any amount for her intangibles as of July 1, 1946."

It was alleged that upon inquiry she was informed that no list of intangibles had been turned in, and "not being able to locate the original list she was advised to make out another list and file it with the State Revenue Department, she still insisting that they had turned in her list of intangibles as of July 1, 1946." It was alleged that Mrs. Mary Rowland tried to pay the sheriff the taxes due, and he refused to accept payment. The petition alleges that they forwarded a correct list covering intangibles to the Revenue Department, but that "said Department will not, or has not, certified the amount of taxes to be collected by the sheriff." Tender was made of $1024 to the sheriff, the amount of tax due on the intangibles, which he declined to accept, and is demanding an additional $1024 as penalty.

Insisting that they did list intangibles within the time and manner provided by law, and that they should not be penalized for the loss of the first list of intangibles, they tender with their pleading $1024, the amount of tax and pray that the sheriff be enjoined from collecting the 100 per cent penalty. General and special demurrers were overruled and in absence of further pleading by defendant the court enjoined the sheriff from further attempts to collect the penalty. The same arguments (by both parties) are made in this as in the Becker case, supra, with the exception that appellee is, as we think, correctly contending that since the Revenue Department has not acted, the Whitley Circuit Court was the proper forum in which to determine the issues. That the Department of Revenue had not fixed the value of the property in question, or undertaken to attach a penalty is admitted in appellant's brief:

"The petition states that she immediately listed the intangibles with the Department of Revenue, and on demurrer this statement must be accepted as true, although the Department actually has no record concerning this matter other than a copy of the petition filed

The filing of the list with the Department does not herein."

confer jurisdiction on any court; it is only when the Department has acted and the taxpayer is dissatisfied with the finding and ruling of the Department that appeal lies in the Franklin Circuit Court. No statute is pointed out by appellants, nor do we find any which would give the collecting officer the right to assess a penalty for failure to list, or where property is omitted. The statutes seem to be clear in placing this authority in other officers or bodies.

So in this case, not departing from the conclusion reached in the Becker case, and regardless of whether the chancellor overruled defendant's demurrers for the same reason as in that case, we are of the opinion that the attempted collection of penalty not properly adjudged, constituted an illegal act and the Whitley Court had jurisdiction.

The court properly overruled the general demurrer, because the petition alleged that the taxpayer had, within lawful time, furnished the deputy tax commissioner with a list of intangibles, a question of fact, admitted on demurrer. In the state of the record we are compelled to hold that the ruling of the court was correct, hence the judgment is affirmed.

Judgment affirmed.