## Davis, Sheriff, v. Becker.

February 8, 1949.

776

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and Maurine Sharp, Attorney for Department of Revenue for appellants.

T. E. Mahan for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellee, who was plaintiff below, prior to July 1, 1946, had inherited from her husband certain properties including 300 shares of U. S. Steel Corporation. In her petition she alleges that her husband had always attended to the listing of property for taxation; that she was inexperienced in such matters, and as a result failed to list at the time required by law.

When she went to pay her tax bill in November 1947, it was discovered that the 300 shares of stock had been omitted. Upon advice of her counsel the stock was listed with the county clerk and the State Revenue Department, as is authorized by applicable statute. The clerk had valued the stock and fixed the amount of the tax due at $135, and certified the amount to the sheriff; he accepted the amount and reported and remitted to the State Revenue Department. That body refused to accept or approve the payment, and because of the failure to list in the required period, assessed a 100 per cent penalty and directed the sheriff to take steps to collect an additional $135.

Appellee declined to pay the additional assessment, and alleging that the sheriff was preparing to adopt coercive measures to enforce collection, instituted suit, alleging the facts as substantially stated and asked that the court enjoin the sheriff from acting. Appellant filed general and special demurrers, the first on the usual

Code grounds; the latter on the ground that the statute provides that any taxpayer dissatisfied with the finding or ruling of the Revenue Department may appeal to the Franklin Circuit Court, and upon adverse ruling there, to this court. 1946 KRS 132.320(2).

Upon submission on demurrers the chancellor overruled "both the general and special demurrers, and the defendant declining to plead further" enjoined the sheriff from undertaking to collect the additional assessment of $135.

As we read the briefs there are two questions presented, the application of the section of the statute above mentioned, and whether or not one who voluntarily lists property after the time fixed by statute, and pays the tax before the time fixed by statute may escape the penalty. In other words, if the taxable property has been omitted, does the payment of tax within the period satisfy the statute? We have no difficulty in determining that Mrs. Becker omitted the listing of the 300 shares of stock; and as a consequence, if her payment of the tax prior to March 1, 1947 (KRS 134.020) as argued by appellee, did not excuse the penalty, then the taxpayer if aggrieved by the Department's action in the premises, should have followed the statute by appeal to the Franklin Circuit Court, which is given exclusive jurisdiction, and the chancellor erroneously overruled the special demurrer.

Appellee to avoid the effect of the statute, strenuously contends that the assessment of the penalty was illegal and void, hence the Whitley Circuit Court had jurisdiction. This argument is based on appellee's construction of other sections of the statute, in short, that section 132.290, KRS, has no application in cases where the taxpayer without action by the Department, or as claimed, pays the tax within the tax paying period.

Appellee directs attention to portions of Section 132.290, which provides that when intangible property, liable to assessment, is in any year omitted from assessment it may be assessed retroactively within a period of ten years, "either voluntarily or by action, and a penalty of one hundred percent of the amount of the taxes, and interest at six percent per annum from the time the taxes should have been paid, shall be paid." It is then

provided that if assessment be by action, an additional penalty of 20 per cent shall be recovered.

Counsel argues that since the taxes were paid without action or voluntarily, the penalty could not attach. We do not so construe the section. The reference to the "time when the taxes should be paid" relates to the matter of payment of the 6 per cent interest.

Section 132.320(2) relied upon by appellee, provides substantially that a person who has failed to list intangibles because he was not called upon by the assessing officer, or any other reason, may at any time and shall after the commissioner has returned his books, list the property with the State Department, and the Department shall determine the taxable value and certify to the clerk. This provision was not precisely followed in this case, and had it been it would not have relieved the taxpayer of the penalty imposed because of the omission of listing, or the omission from assessment. We say this because subsection (4) provides that all property listed under this section shall be liable for payment of taxes, interest and penalties provided by law for failure to list the property with the county tax commissioner or other assessing board within the time and in the manner prescribed by law, "except that if the taxpayer voluntarily lists property under this section the twenty percent penalty provided to be paid to the department shall not apply, unless the taxpayer on an appeal from the action of the department attempts to reduce the assessment and is unsuccessful." This section seems to make it clear that there must be an appeal from the Department's action, whether it involves the question of valuation, fixing the interest or applying the penalty. A reading of Klosterman v. Johnson, 226 Ky. 192, 10 S.W.2d 602, 603, relied upon by appellee, does not justify the conclusion that voluntary payment of taxes on property omitted from assessment, or which had not been listed as required by law, would avoid the payment of the 100 per cent penalty.

In that case we held that under the then applicable statute there were three ways of assessing property for taxation, and that the penalties authorized by statute upon a coercive assessment did not apply to a voluntary assessment made by the taxpayer in the manner and

within the time provided by law. "The only penalty visited upon a taxpayer who lists his property in either of the ways provided * * * is the one arising from a default in payment * * the purpose of the legislature was to secure, insofar as possible, a voluntary listing of all property." The argument that the 100 per cent penalty should not be paid until the time when the 6 per cent interest attaches (ostensibly for failure to pay taxes when due) seems to be answered by the opinion in City of Cincinnati v. Commonwealth ex rel. Reeves, 292 Ky. 597, 167 S.W.2d 709.

It is alleged that the property in question was not listed, and was omitted from assessment within the time fixed by law, and this failure on the part of the taxpayer justified the Department in assessing the 100 per cent penalty. This being so, it was the duty of the taxpayer aggrieved "by the finding or ruling of the Department" to prosecute appeal to the Franklin Circuit Court, the forum given first appellate jurisdiction, hence the court was in error in overruling appellant's special and general demurrers.

Judgment reversed for proceedings consistent herewith.