KENTUCKY TAX COMMISSION, etc.,
Appellant,

v.

AIRLENE GAS COMPANY, a Kentucky
Corporation, Appellee.

and

KENTUCKY TAX COMMISSION, etc.,
Appellant,

v.

AIRLENE GAS COMPANY, a Tennessee
Corporation, Appellee.

Court of Appeals of Kentucky.

Nov. 28, 1958.

Rehearing Denied Dec. 4, 1959.

William S. Riley, Atty., Dept. of Revenue, Frankfort, Jo M. Ferguson, Atty., Gen., Hal O. Williams, Asst. Atty. Gen., for appellant.

Earle T. Shoup, Ralph H. Schuette, Paducah, for appellees.

MOREMEN, Chief Justice.

The above-styled cases have been consolidated. They present a controversy between the Kentucky Tax Commission and the appellee corporations which arose after the corporations reported in certain years their accounts receivable for ad valorem tax purposes at a lower valuation than the accounts were reported for corporate income tax purposes.

KRS 132.240 provides that corporations listing property for taxation with the county tax commissioner shall reveal the face value of all intangibles listed, with certain exceptions not here involved. The tax forms usually indicate separate columns for the listing of the face value and the taxpayer's valuation.

It will not be necessary to discuss each and every tax return which was made, but this is typical. For the year 1952, in Calloway and McCracken counties, one of the appellees reported for ad valorem tax purposes its accounts receivable as being of the value of $79,634, and it was indicated that such amount was the face value of the item listed. When the appellee corporation filed its income tax return with the Department of Revenue it listed the same accounts for the purpose of income tax at a rate of $100,914; the difference being $21,280.

The principal question which we must decide is whether the difference in listed

valuations may be assessed as being omitted property or is to be treated as being property which was merely undervalued?

Subsection (2) of KRS 132.290 reads in part as follows:

"Omitted property consisting of money in hand, notes, bonds, shares of stock, accounts or other credits, secured or unsecured may be· assessed retroactively, either voluntarily or by action, at any time within ten years from the date when it became omitted. * * *."

Subsection (1) of KRS 132.360 states:

"Any assessment of accounts receivable, notes, stocks or bonds that were listed with the county tax commissioner may be reopened by the Department of Revenue within two years after the date as of which they were assessed * * *."

In short, if it is omitted property, it may be retroactively assessed for ten years; if it is undervalued property, the Department must move within two years.

The trial court held:

"There is no showing by the defendant-appellee that any of the accounts receivable in question were not taken into consideration by the plaintiff-appellant when it listed for assessment the lump sum valuations for the years in question, and, even if such lump sum valuations were less than the true values of the accounts receivable, that in itself can not be regarded as an omission of property for tax assessment purposes. City of Georgetown v. Graves' Adm'r, 165 Ky. 676, 178 S.W. 1035, and Commonwealth v. J. M. Robinson, Norton & Co., 146 Ky. 218, 142 S.W. 406."

The foregoing cases relied on by the court, and particularly the Robinson case, offer stout support for his ruling. The Commonwealth argues that the Robinson case is not authority because it was decided at a time when there was no statutory mandate that the face value of accounts receivable be listed.

The purpose, evidently, is to give immediate notice to the taxing authority of instances where the property owner is claiming a value less than the face value, so that a prompt investigation might be made to determine the true value. But this matter of notice has no effect upon the question of actual valuation. If in the Robinson case the listing was undervaluation and not omission, it would seem that in the instant case a test of the facts would result in the same conclusion, even though notice was not given by listing the true face value.

The difficulty we have in this case arises from an opinion written by this Court after the trial court's decision in the instant cases, namely, Standard Oil Company v. Commonwealth, Ky., 311 S.W.2d 372, 377. In that case the Oil Company had adopted the practice of listing for taxation its accounts receivable for gasoline sold to dealers in Kentucky at 70 per cent of their face value on the theory that the remaining 30 per cent represented gasoline tax money which belonged to the State, which the Company was collecting as trustee for the State and which was not subject to ad valorem tax. We said:

"The further question remains as to whether the 30 percent which Standard has been deducting from the value of its accounts in making its assessment lists may be assessed as *omitted* property. Standard contends that it is a mere case of *undervaluation,* which can be reached only by reopening the assessments under KRS 132.-360.

"We think the case is not one of mere undervaluation, but is the equivalent of a complete failure to list a particular account. In effect, Standard has been treating the tax portion of its accounts as though they were entirely separate accounts. It simply has

**834**

not listed the tax accounts. Accordingly, they may be assessed as omitted property, and the lower court properly so held."

It should be emphasized that in the foregoing excerpt from the opinion it is pointed out that Standard Oil Company "has been treating the tax portion of its accounts as though they were entirely separate accounts," and "It simply has not listed the tax accounts."

This in itself should be enough to distinguish that case from the case at bar, because if the tax portion is carried as a separate account on the books of the company and the company failed to list that account it would be omitted property, and not undervaluation of a particular account.

We are of opinion that the trial court properly held that, since there was no showing that appellees omitted any specific accounts when it listed its lump sum valuations, and, even if the valuations were less than the true value, the difference should not be regarded as being omitted property.

Judgment affirmed.

EBLEN, J., dissenting.