**CITY OF LOUISVILLE et al., Appellants,**

**v.**

**FISCHER PACKING COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 7, 1975.

Robert Matthews and Samuel Manly, Greenebaum, Grissom, Doll, Matthews & Boone, James E. Thornberry, Director of Law, City of Louisville, Louisville, for appellants.

Fielden Woodward and Alvin L. Prichard, Sr., Woodward, Hobson & Fulton, Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment which awarded to the appellee a recovery of sums it had paid to the City of Louisville as a penalty for failure to file an occupational tax return when due. In issue is the constitutionality of an ordinance of the City of Louisville which provides that any person who fails to file an occupational license tax return within the time due shall be assessed a penalty in the amount of 5% of the unpaid license fee for each month or fraction of a month such return remains unfiled, not exceeding the penalty of 25% in the aggregate.

The trial court held the ordinance unconstitutional.

Section 181 of the Kentucky Constitution provides that the General Assembly may delegate to cities the power to impose and collect license fees on trades, occupations and professions and also authorizes the General Assembly to enact laws whereby the city may, with certain specific exceptions, tax personal property by means of license fees, in lieu of an ad valorem tax thereon.

Pursuant to this authorization, the General Assembly of Kentucky enacted KRS 91.200 which provides that cities of the first class may license any business, trade, occupation or profession in addition to levying ad valorem taxes. KRS 91.260 provides for the taxation of personal property based upon income, licenses or franchises, in lieu of an ad valorem tax thereon.

KRS 91.200 provides that licenses issued pursuant thereto shall be issued and enforced on terms and conditions as prescribed by ordinance.

KRS 91.260 provides that the board of aldermen shall provide for the collection of all taxes imposed thereunder, and in addition KRS 91.270(2) provides that in default of payment at the time due of taxes based upon income, licenses and franchises, in lieu of an ad valorem tax thereon, a penalty of 5% shall be added thereto. There is no penalty provided by statute for the delinquent payment of the license fees levied under KRS 91.200, the section of the statutes under which the subject ordinance was enacted.

The trial court voided the ordinance upon the ground that the General Assembly has not expressly or by necessary implication granted the city the power to impose penalties for failure of the taxpayer to file a tax return.

Admittedly there is no express statutory authorization for penalties for failure to file a timely occupational license tax return. The power does exist by necessary implication.

KRS 91.200 which authorizes the license provides that the license shall be issued and enforced on terms and conditions as

prescribed by ordinance. KRS 91.200(3) and KRS 92.281 authorize the collection of the tax.

■ We have held that political subdivisions of the Commonwealth are creations of the General Assembly and possess only those powers which have been granted to them expressly plus those powers necessarily implied or incident thereto as to enable them to carry out the expressed powers. Holsclaw v. Stephens, Ky., 507 S.W.2d 462 (1973); City of Horse Cave v. Pierce, Ky., 437 S.W.2d 185 (1969); Board of Trustees of P. & F.R.F. v. City of Paducah, Ky., 333 S.W.2d 515 (1960).

■ The statutes, having expressly authorized the levy and the collection of the occupational license and having provided that they shall be issued and enforced as prescribed by ordinance, authorize by implication the power to require the filing of a return and the enforcement of that requirement by means of a penalty as a necessary incident to the exercise of the expressed grant.

The cases cited by appellee relating to the strict construction of statutes authorizing taxation are not applicable because the issue here is not the imposition of the tax, which right is conceded, but rather the imposition of a penalty for the failure to file a tax return.

Appellee further contends the ordinance is invalid because the General Assembly has preempted the field of penalties that may be imposed by enacting KRS 91.-270(2) and KRS 131.180.

■ As we have already pointed out KRS 91.270(2) relates only to a tax on personal property in lieu of an ad valorem tax and it is not applicable to the licenses imposed under KRS 91.200.

We find no merit in the argument that the legislative history of KRS 91.270(2) indicates a legislative intention that the penalty provision contained therein be made applicable to KRS 91.200.

■ KRS 131.180 is included in the chapter pertaining to the Department of Revenue, and we think the penalty provided for therein is applicable only to the failure to file tax returns with or to pay taxes due to the department.

■ Appellee further contends that the penalty imposed by the ordinance is unreasonable and arbitrary and therefore void. The trial court correctly held that the penalty imposed was not unreasonable. The ordinance cannot be declared invalid simply because it works a hardship in a particular case, and the court cannot substitute its judgment as to the wisdom of the legislation for that of the legislative body. The penalty provided by the ordinance is progressive, based upon the duration of the violation, and thereby discourages prolonged violation.

■ We cannot say the penalty is void for excessiveness. It is no greater than penalties authorized by Congress for failure to file a tax return, 26 U.S.C., Section 6651(a) or by KRS 141.990(1) for failure to file an income tax return, and it is substantially less than the penalty approved by this court in Davis v. Becker, 309 Ky. 775, 219 S.W.2d 6 (1949).

■ The penalty provisions of the ordinance do not deny due process simply because the penalty is mandatory. It is admitted that appellee failed to file his return within the time due. No hearing was necessary to establish that fact. The appellee has cited no case in which the imposition of a mandatory penalty in a case such as this has been held to violate due process.

The judgment is reversed with direction that the appellee's complaint be dismissed.

All concur.