SEALTEST CENTRAL DIVISION-OMAHA OF KRAFTCO COR-
PORATION, APPELLEE, V. DOUGLAS COUNTY BOARD OF
EQUALIZATION ET AL., APPELLANTS.

229 N. W. 2d 545

Filed May 22, 1975. No. 39744.

Donald L. Knowles and William T. Ginsburg, for appellant.

Charles S. Reed, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action wherein the defendants allege that plaintiff failed to list part of its personal property for taxation for the years 1970, 1971, and 1972. Taxes for the current year 1973 were paid. Defendants increased assessments and assessed penalties for the years mentioned. Summary judgment was entered for plaintiff setting aside the additional assessments and penalties. That judgment is affirmed.

The question presented is whether plaintiff omitted listing a part of its personal property or simply undervalued it for prior years. Under section 77-412, R. R. S. 1943, in the case of omitted property the action taken by the Douglas County assessor and board of equalization is authorized but not in regard to undervalued property for prior years.

In the answer and cross-petition of the defendants it is alleged that the assessments for the 3 years in question "did not reflect the actual value of such personal property and should be corrected and amended to reflect such actual value." No objections were made in any of the years in question to the tax returns of plaintiff and taxes were levied and paid on the basis of the returns made. The property taxed is listed in each return as "Furniture, Fixtures, Mach., Tools & Equip." It was not itemized but listed in a lump sum. Neither the pleadings nor the record indicate that any specific items were omitted. When property is listed in bulk in this manner it is apparent that all the property within the classification mentioned has been listed though possibly undervalued.

In order to sustain an addition of property by tax assessors to a return as omitted property it must appear that specific items were added which were not assessed in the original assessment. In Star Iron & Steel Co. v.

Pierce County, 5 Wash. App. 515, 488 P. 2d 776, it is held: Where county's own tax form called for listings of value of classes of personal property, rather than individual items of property, value for which was included by corporate taxpayer as part of value of class of things to which they belonged, county could not be heard to say that individual items were omitted from list, and such items, rather than omitted property, constituted omitted value of property listed which could not be reassessed. See, also, Kentucky Tax Commission v. Airlene Gas Co. (Ky. App.), 328 S. W. 2d 832; Hunt v. District of Columbia, 108 F. 2d 10; State v. Thompson-Parker Lumber Co., 173 Okla. 22, 46 P. 2d 494.

In view of the complete failure of the taxing authorities to list or point out any specific items of property which were omitted from plaintiff's tax returns, the judgment of the District Court must be affirmed.

AFFIRMED.