RENDERED: JANUARY 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1470-MR

BILL DUNN, MCCRACKEN
COUNTY PROPERTY VALUATION
ADMINISTRATOR                                                                            APPELLANT


APPEAL FROM MCCRACKEN CIRCUIT COURT
v.        HONORABLE TIMOTHY J. KALTENBACH, JUDGE
ACTION NO. 21-CI-00685


SARATOGA, LLC; MCCRACKEN
COUNTY BOARD OF ASSESSMENT
APPEALS; AND SSH REAL ESTATE,
LLC                                                                                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: This is an appeal from an Opinion and Order of the

McCracken Circuit Court which affirmed orders of the Kentucky Board of Tax

Appeals ("KBTA") in favor of two taxpayers, Saratoga, LLC ("Saratoga") and

SSH Real Estate, LLC ("SSH"). Bill Dunn, the current McCracken County

Property Valuation Administrator ("PVA Dunn"), asks this Court to determine that improvements to land made after it was acquired and listed for taxation, and which were not listed or reported to the Property Valuation Administrator ("PVA"), be deemed "omitted property" pursuant to Kentucky Revised Statute ("KRS") 132.290(1). "Omitted property," pursuant to this statute, can be retroactively assessed and subjected to ad valorem taxes and penalties for up to five prior years. PVA Dunn asserts this is a case of first impression in the Commonwealth. As stipulated in the circuit court, it is certainly a case of unusual facts.

## FACTUAL BACKGROUND

Saratoga and SSH are Kentucky companies that purchased property in Paducah several years ago. Saratoga purchased part of a vacant lot in 2001 and an additional parcel in 2007 for a total price of $3,225. SSH purchased property in 2012 for a total price of $100,000. The purchase prices were listed in the deeds. The former PVA of McCracken County, Nancy Bock ("Bock"), received copies of the deeds and reflected the transfers of title on the county property tax rolls.

Both companies later constructed commercial buildings on their respective properties, resulting in a significant increase in value for each. Both companies properly obtained construction permits and other necessary inspections to complete these improvements and receive a certificate of occupancy. Both

companies continued to receive annual real property tax bills and timely paid the same.

However, Bock did not contact Saratoga or SSH to reassess the properties after the construction permits and inspection reports were filed for the improvements. It is undisputed that Bock did not assess the properties yearly, nor examine them every four years as required by KRS 132.690(1). Bock resigned from office in 2018 amid charges of theft and forgery and pled guilty to several felonies. Thereafter, PVA Dunn reviewed several properties within the county and determined that 49 properties were severely undervalued.[1] These two parcels were included in that list.

PVA Dunn then issued "omitted property" tax assessments with interest and penalties, seeking to retroactively increase the assessed values of the properties. Saratoga received an omitted property notice with an adjusted assessment of $1,883,724. SSH received an omitted property notice with an adjusted assessment of $790,900. Both companies sought a timely conference with PVA Dunn, who upheld the assessments and denied the objections. Saratoga and SSH then appealed to the McCracken County Board of Assessment Appeals ("BAA").

---

[1] The record reflects that PVA Dunn sought guidance on this issue in 2019 when he asked for an opinion from the Attorney General's Office concerning the laws that apply to omitted real property under these facts. There does not appear to have been any response to that request.

The BAA conducted a hearing and issued its decision that the "omitted property" assessments were erroneous. The BAA agreed that the property was undervalued, but ruled that they should simply be added to the future tax roll, and the taxpayers should not be assessed a penalty nor any arrearages. PVA Dunn then filed a Petition of Appeal with the KBTA. The KBTA granted summary judgment in favor of Saratoga and SSH, finding that the improvements were not "omitted property" as defined by KRS 132.290.

The KBTA specifically held that Saratoga's and SSH's parcels were not "omitted property" because the companies had properly listed the parcels as required by KRS 132.220 when they recorded the deeds in the county clerk's office. Bock had not issued a written request to Saratoga and SSH to provide further information about the parcels. PVA Dunn appealed those decisions to the McCracken Circuit Court.

The circuit court consolidated the two actions and affirmed the KBTA. The court stated that the undervaluation of the parcels was due to the failure of Bock to perform her statutory duties and not due to any violation on the part of the taxpayers. The circuit court upheld the KBTA rulings, resulting in this appeal.

## STANDARD OF REVIEW

Judicial review of a final order of the KBTA is governed by KRS 13B.150(2). That statute provides, in part, that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The reviewing court may generally only reverse the agency if the decision is

> (a) [i]n violation of constitutional or statutory provisions; (b) [i]n excess of the statutory authority of the agency; (c) [w]ithout support of substantial evidence on the whole record; (d) arbitrary, capricious, or characterized by abuse of discretion; (e) [b]ased on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing; (f) [p]rejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or (g) [d]eficient as otherwise provided by law.

KRS 13B.150(2).

This Court's standard of review of an appeal from an administrative action is similarly limited and we must accept the findings of fact made by the KBTA if they are supported by any substantial evidence in its record. *See River City Fraternal Ord. of Police Lodge No. 614, Inc. v. Louisville/Jefferson Cnty. Metro. Gov't*, 664 S.W.3d 486, 493 (Ky. 2022), *reh'g denied* (Feb. 16, 2023).

As to legal conclusions, we review them *de novo*. *Arterburn v. First Cmty. Bank*, 299 S.W.3d 595, 598 (Ky. App. 2009) (citation omitted). Applying that standard, we turn to the legal arguments herein.

# ANALYSIS

At issue here is the application of KRS 132.290 – which details omitted property – but as noted by the KBTA and the circuit court, that section must also be read in conjunction with other provisions of Chapter 132.

KRS 132.290, in pertinent part, reads as follows:

(1) Any real property which has not been listed for taxation, for any year in which it is taxable, by the time the [BAA] completes its work for that year shall be deemed omitted property. . . .

(2) All omitted property shall be assessed retroactively in the manner provided by law at any time within five (5) years from the date when it became omitted, but the lien thereby accruing on any such property, except real property, shall not prejudice the rights of bona fide purchasers acquired in the meantime.

(3) All omitted property voluntarily listed shall be subject to a penalty of ten percent (10%) of the amount of taxes, and interest at the tax interest rate as defined in KRS 131.010(6) from the date when the taxes would have become delinquent had the property been listed as required by law, until the date the tax bill is paid.

(4) All omitted property not voluntarily listed shall be subject to a penalty of twenty percent (20%) of the amount of taxes, and interest at the tax interest rate as defined in KRS 131.010(6) from the date when the taxes would have become delinquent had the property been listed as required by law, until the date the tax bill is paid.

(5) When the property is assessed retroactively by action prosecuted in the manner provided by KRS 132.330 and 132.340, an additional penalty of twenty percent (20%) of the amount of the original tax, interest and penalty may

be collected for the purpose provided in KRS 134.552 and paid into the State Treasury. All other penalties and interest shall be distributed in the same manner as the tax.

(6) Taxes on omitted property shall be due and payable as provided in KRS 134.015.

On appeal, PVA Dunn asserts that taxpayers have a duty to make certain that their property is accurately "listed" under KRS 132.290. Of course, KRS 132.290(1) defines "omitted property" as "[a]ny real property which has not been listed for taxation[.]" However, it does not make clear whether subsequent improvements to land that <u>had</u> previously been listed constitute "omitted" property. PVA Dunn asserts that the language of KRS 132.220 imposes such a duty on taxpayers if improvements are made that affect the assessed value of listed property. Sarasota and SSH disagree and argue that the purchase of property for a value stated in the deed is considered a continuing listing. They assert that no further duty exists, unless information is requested in writing by the PVA or the Department of Revenue ("DOR") under KRS 132.220. Thus, we look to that statute.

KRS 132.220, in relevant part, reads as follows:

Any real property correctly and completely described in the assessment record for the previous year, or purchased during the preceding year and for which a value was stated in the deed according to the provisions of KRS 382.135, may be considered by the owner to be listed for the current year if no changes that could potentially affect the assessed value have been made to the property. However, **if**

-7-

> **requested in writing by the [PVA]or [DOR], any real property owner shall submit a property tax return to verify existing information or to provide additional information for assessment purposes. Any real property which has been underassessed as a result of the owner intentionally failing to provide information, or intentionally providing erroneous information shall be subject to revaluation**, and the difference in value shall be assessed as omitted property under the provisions of KRS 132.290.

(Emphasis added.)

It is clear that intentional failure to respond to a request by the PVA or intentionally providing false information will lead to a reassessment of value as "omitted property." However, here, there was no evidence of any intentional failure by either property owner. Indeed, as PVA Dunn admits, there was no prior request for a property tax return or for any documentation from the taxpayers. There was also no dispute that the taxpayers did report the improvements to the land, by virtue of filing building/construction permits and requesting electrical and other needed inspections as the improvements were being made.

The circuit court noted that statutes should be construed, if possible, in accord with their plain meaning and intent. *Commonwealth v. Montaque*, 23 S.W.3d 629, 631 (Ky. 2000) (citation omitted). Applying that premise to its review of KRS 132.220, the circuit court found that PVA Dunn did not request a property tax return or additional information for assessment purposes after the improvements were performed. Contrary to PVA Dunn's contention, the circuit

-8-

court held that KRS 132.220 does not require taxpayers to "relist" their properties or impose a duty to list improvements to real property, unless information is requested in writing by the PVA.

In short, the circuit court held that the additional ad valorem taxes were not collected because Bock did not comply with her duties. The PVA's duties are set forth in KRS 132.690. KRS 132.690(1)(a) provides that

> [e]ach parcel of taxable real property or interest therein subject to assessment by the property valuation administrator shall be revalued during each year of each term of office by the [PVA] at its fair cash value . . . and shall be examined no less than once every four years by the [PVA].

KRS 132.690(1)(b) provides that "[f]or any property upon which any improvements have been made since the prior examination, the [PVA] shall perform on-site, in-person visual examination of the real property and the improvements."

Under these provisions, the PVA is required to establish the mechanism to reassess property, and there are strict accountability measures in the event that a PVA neglects his or her duties. As this Court has previously stated, DOR and "PVAs are both mandated to assess all property in Kentucky at its fair cash value." *Ky. Exec. Branch Ethics Comm'n v. Atkinson*, 339 S.W.3d 472, 475 (Ky. App. 2010) (citation omitted). "While PVAs are elected state officials, they are . . . obliged to comply with [DOR's] rules, regulation, direction, instruction,

-9-

and supervision" and can be removed for failure to perform their duties. *Id.* at 475-76 (citations omitted). Those duties are further detailed in KRS Chapters 131, 132, and 133, but the "primary duties are to make the assessment of all property in their counties and to prepare property assessment records." *Id.* at 475 (citation omitted). As the circuit court held, it was Bock that failed in her duties, and there was no evidence of any failure on the part of the taxpayers to adhere to their statutory obligations.

PVA Dunn also asserts that when improvements are made to the land and not reported, those improvements constitute "omitted property" permitting its reassessment and retroactive penalties under KRS 132.290. However, there is no citation to legal authority for this position other than a single case out of Utah.[2] Utah's property tax law is very different from ours. Utah's legislation defines real estate separately from improvement and allows improvements to be assessed separately.[3] However, Kentucky legislation, in pertinent part, states that "omitted property" is real property – KRS 132.290(1) – and "real property" is defined as "all lands and improvements thereon." KRS 132.010(3). Therefore, we do not find Utah law persuasive in our analysis.

---

[2] *Cnty. Bd. of Equalization of Salt Lake Cnty., State of Utah v State Tax Comm'n of Utah ex rel. Sunkist Serv. Co.*, 789 P.2d 291 (Utah 1990).

[3] *In re W. Side Prop. Assocs.*, 13 P.3d 168, 173 (Utah 2000).

We believe the real issue is whether <u>our</u> statutory authorization for retroactive assessments applies to property that has not been omitted, but rather has been undervalued. Our research indicates that other jurisdictions are divided on this issue. Some allow retroactive taxation when all improvements on the land have been omitted. *Korash v. Mills*, 263 So.2d 579, 580-81 (Fla. 1972). There, retroactive taxation was applicable where the assessor was assessing "for the first time property which escaped assessment entirely." *Mun. of Anchorage v. Alaska Distribs. Co.*, 725 P.2d 692, 694 (Alaska 1986) (citing *Korash*, 263 So.2d at 581).

"However, other jurisdictions preclude later reassessment, reasoning that the property as a unit consisting of the land and improvements has already been taxed." *Id.* (citing *Leyh v. Glass*, 508 P.2d 259, 262-63 (Okla. 1973); *In re Westward Look Dev. Corp., Inc.*, 673 P.2d 26, 27-28 (Ariz. App. 1983); and *Bd. for Assessment and Revision of Taxes of Lancaster Cnty., Twp. of Drumore, Tmp. of Martic, Solanco Sch. Dist. v. Philadelphia Elec. Co.*, 308 A.2d 627, 631-32 (Pa. Commw. Ct. 1973)). Therefore, omission of the improvements, "constitutes an undervaluation of the tax on the entire property which cannot be reassessed." *Id.* (citing *Leyh*, 508 P.2d at 263 and *Westward Look*, 673 P.2d at 28).[4]

---

[4] In *Mun. of Anchorage v. Alaska Distributors Co*., 725 P. 2d 692 (Alaska 1986), the Court did ultimately rule in favor of the municipality, assessing a million dollar warehouse addition as escaped property, because it had assessed and taxed other improvements on the land for the tax years in question.

We note the split among other jurisdictions because we agree with PVA Dunn that there is little precedent within our own case law. However, we have found some guidance. In *Thomas' Ex'x v. Commonwealth*, 215 S.W.2d 546, 550 (Ky. 1948), the Court, although interpreting a prior version of KRS 132.290, stated that "'omitted property' contemplated by our assessment statutes is property which is not assessed at all." To the contrary, it has been held that the previously accepted assessment constitutes a "continuing listing" by the taxpayer which would not be considered previously unassessed or "omitted property." *Layson v. Brady*, 576 S.W.2d 223 (Ky. App. 1978).

Our courts have also held that an undervaluation cannot generally be corrected by retroactive assessment. *Ky. Tax Comm'n v. Airlene Gas Co.*, 328 S.W.2d 832, 833-34 (Ky. 1958). While *Airlene Gas* dealt with taxation of accounts rather than real property, the Court therein noted that the principal question it faced was whether the difference in listed valuations may be assessed as omitted property or property which was merely undervalued. *Id*. at 833. "Even if the valuations were less than the true value, the difference should not be regarded as being omitted property." *Id*. at 834.

Further, "[w]here it is sought by an officer of the state or county to assess omitted property, the one seeking the re-assessment must show to the satisfaction of the court that property has been omitted[.]" *Commonwealth v.*

-12-

*Louisville Gas & Elec. Co.*, 128 S.W.2d 778, 785 (Ky. 1938); *see also*

*Commonwealth v. J.M. Robinson, Norton & Co.*, 142 S.W. 406, 409 (Ky. 1912)

("[T]here is a wide difference between omitting property entirely for assessment,

and assessing it at less than its assessable value. In the one instance it has not been

assessed at all, and in the other it has been assessed. . . . but merely undervalued.").

Even if there was some ambiguity in our legislation, our precedent requires – in

cases other than those providing exemptions to tax – strictly construing the statute

against the taxing authority and in favor of the taxpayer. *Popplewell's Alligator*

*Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 463 (Ky. 2004), *as modified*

(Jun. 3, 2004) (citations omitted); *cf. Klosterman v. Johnson*, 10 S.W.2d 602, 603

(Ky. 1928) (citation omitted) ("A penalty is exacted only when the taxpayer is at

fault or to blame for the failure to assess the property.").

Finally, both parties referenced a 1985 Attorney General Opinion

which provides guidance where, as here, improvements were made to the property

after the initial listing. Although this Court is not required to follow opinions of

the Attorney General, we can "afford them great weight." *Louisville Metro. Dep't*

*of Corrections v. King*, 258 S.W.3d 419, 421-22 (Ky. App. 2007) (citation

omitted). We believe this Opinion provides further support for the rulings of the

KTBA and the circuit court. As the Attorney General stated, our case law has

found it significant to consider whether the "failure to assess the property is based

upon the taxpayer's error or an error by the property valuation administrator."

1985-1987 Ky. Op. Att'y Gen. 2-141 (1985).

The circuit found that fact significant in this case, and we agree. The Attorney General opinion admittedly opened the door to classification of significantly improved property as "omitted property," but it did so based upon the taxpayer's failure to list its major improvements on property. The Opinion further guides us, though, stating:

> We would, however, <u>not</u> classify as omitted property the following:
>
> (1)  improvements not assessed for any reason other than the taxpayer's failure to comply with KRS 132.230, and,
>
> (2)  improvements which are merely undervalued or inadequately described.

1985-1987 Ky. Op. Att'y Gen. 2-141 (1985) (emphasis added).

While retroactive tax bills are authorized by KRS 132.290, the language of the statute, considered with KRS 132.230, suggests that such retroactivity and penalties follow a request for information by a PVA who is properly performing his or her duties. We cannot say that the circuit court or the FTBA erred in determining the legislature's intent. The legislation was designed to hold the PVA responsible for performing its duties and to apply the penalties and retroactivity provisions to a property owner who fails to initially list the property with improvements or fails to respond to a written inquiry by the PVA.

-14-

Saratoga and SSH listed their properties when purchased. They received and paid the tax bills each year. The PVA did not issue any inquiry to the property owners and failed to reassess the property at its fair cash value. That failure resulted in the properties being undervalued, but they were not omitted property.

For all the foregoing reasons, we affirm the McCracken Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Cody R. Walls
Glenn D. Denton
Paducah, Kentucky

BRIEF FOR APPELLEES:

Timothy J. Eifler
Stephen A. Sherman
Louisville, Kentucky