# WATSON P. DAVIDSON v. FRANKLIN AVENUE INVESTMENT COMPANY.[1]

March 12, 1915.

Nos. 19,086—(270).

**Taxation — reassessment for undervaluation of real estate.**

> G. S. 1913, § 1980, providing that if any real property is omitted in the assessment of any year or years and the property thereby escape taxation, the county auditor shall reassess the property, does not authorize a reassessment where the real estate is assessed and has paid taxes for the years in question, but where the property is undervalued in those years because the assessing officers took no note of an improvement thereon.

Action in the district court for Ramsey county to recover $736.75, which plaintiff had been compelled to pay. From an order, Brill, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*B. H. Schriber,* for appellant.

*Roberts & Strong,* for respondent.

BUNN, J.

This appeal is from an order sustaining a general demurrer to the complaint. The facts alleged in the pleading so held not to state a cause of action are as follows:

August 21, 1912, defendant conveyed to plaintiff by warranty deed real estate in the city of Minneapolis. There was and had been since January, 1907, a four-story concrete building on the land, which building was of the value of more than $20,000 and constituted an "improvement." In each year from 1907 to 1911, both inclusive, this "improvement" was omitted from the list of property subject to taxation in Hennepin county, and was not assessed at all for taxation during said time. During the year 1912 and prior to August 16, 1912, the omission of said improvement from the several

---

[1] Reported in 151 N. W. 537.

lists of taxable property for each of the years mentioned was discovered by the assessing and taxing authorities of the county, and said improvement was then and there placed upon the roll of property subject to taxation, and was then assessed for taxation at the sum of $5,000, and taxes for the years 1907 to 1911, both inclusive, at the several rates for these years, were then and there levied and assessed against said improvement, the total amount of such taxes being $736.75.

In 1913 plaintiff, as the complaint alleges, was compelled to pay this sum of $736.75, as and for the taxes of said years. He demanded repayment of this sum from defendant; the demand was refused and this action brought to recover such sum and interest, under the warranty against encumbrances in the deed from defendant to plaintiff. This warranty was that the premises are "free from all encumbrances except as above stated," the encumbrance "above stated" being a mortgage described.

Two questions are presented: (1) Did the county auditor have power to reassess, as omitted property, real estate which had been assessed and had paid taxes for the years in question, solely because the property had been undervalued in those years, the assessing officer taking no note of the building thereon? (2) If the reassessment was valid, were the taxes for these years an "encumbrance" against the property at the time of the deed to plaintiff?

The trial court expressed doubt on the first question, but decided that the tax arising from the reassessment was not an "encumbrance" upon the property at the time the title passed. The first question seems to us the important one, and if this is answered in the negative the second question is moot.

All the power or duty that the auditor possessed in relation to assessing "omitted property" is given by G. S. 1913, § 1980 (R. L. 1905, § 803). This statute reads as follows:

"OMITTED PROPERTY—UNCOLLECTED TAXES.—If any real or personal property be omitted in the assessment of any year or years, and the property thereby escape taxation, when such omission is discovered the county auditor shall enter such property on the

assessment and tax books for the year or years omitted; and he shall assess the property, and extend against the same on the tax list for the current year all arrearage of taxes properly accruing against it, including therein, in the case of personal property taxes, interest thereon at the rate of seven per cent per annum from the time such taxes would have become delinquent, when the omission was caused by the failure of the owner to list the same. If any tax on any property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceedings, or other cause, the amount of tax which such property should have paid shall be added to the tax on such property for the current year."

Plainly this statute gives no power to reassess except where real property is "omitted in the assessment of any year or years," and "thereby escape taxation." The real property in the present case was not "omitted" in the assessment of any year or years, and did not "escape taxation." It was assessed and taxed each year, but was undervalued, the "improvement" not being noted. This building was a part of the realty. The law does not provide for assessing the land and improvements thereon separately. It cannot be said that the improvement was not taxed, as the assessments were upon the real estate, including both the land and the building. In other words this is not a case of "omitting" property in an assessment, but simply of undervaluing it. Can the statute above quoted be fairly construed as authorizing a reassessment when real estate has been undervalued in the assessment for any prior year or years? We think not. The law does not permit this construction. It authorizes a reassessment only when the property has been "omitted," when it has escaped taxation. To hold that there may be a reassessment when property has been undervalued by the assessing officers, but has paid the taxes assessed and levied, would often work a hardship upon innocent purchasers of the property. It would be an extraordinary and dangerous power. It would be quite impossible to draw the line between plain and substantial cases of undervaluations and those in which the undervaluation was slight, or in which the judgment of the auditor as to the value differs from that of the

officials who made the original assessment. The language of the statute is perfectly plain and we find no warrant for doing violence to it by adding the words "or undervalued" to the word "omitted."

Plaintiff relies greatly upon State v. Weyerhauser, 68 Minn. 353, 71 N. W. 265. That case involved the constitutionality of Laws 1893, p. 280, c. 151. The law attacked and held valid provided for a reassessment whenever it was made to appear that "any considerable amount of property" in any county has been improperly omitted from the tax lists, or, if assessed, "that the same has been *grossly undervalued* by the assessor." The only question in the case was whether this law was constitutional. The court was not called upon to interpret or construe its language, which plainly authorized a reassessment when property was "grossly undervalued." The law under which the reassessment in the case at bar was attempted to be made plainly does not authorize a reassessment when property has been undervalued, whether grossly or otherwise. The Weyerhauser case is not in point. We have not overlooked the argument in the opinion that a gross undervaluation may amount to a substantial omission of the property from taxation. What is said in this regard, as well as what is said in regard to the statute involved in the present case, was by way of argument to sustain the act of 1893 against the claim that it was unconstitutional. Nor do we wish to intimate that property might not in a given case be so grossly undervalued as to amount to its substantial omission from assessment. But we have no such case here. It requires judicial legislation to say that the property in this case was "substantially omitted" from assessment or taxation, or that it "escaped taxation." We hold that the auditor had no power to reassess the property. It of course follows that the attempted reassessment was void, that plaintiff was not obliged to pay the taxes so reassessed and that there was no breach by defendant of the covenant against incumbrances. The demurrer was properly sustained.

Order affirmed.