(No. 22309.—<span style="background:black">      </span>

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Defendant in Error, *vs.* THE BIRTMAN ELECTRIC COMPANY, Plaintiff in Error.

*Opinion filed December 20, 1934—Rehearing denied Feb. 12, 1935.*

BUTZ, VONAMMON & MARX, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, and BRENDON Q. O'BRIEN, of counsel,) for defendant in error.

Per CURIAM: Lot 7 in Owner's subdivision of the Healy Industrial District, in the southeast quarter of section 27, township 40 north, range 13 east, in Cook county, Illinois, owned by the Birtman Electric Company, was listed by the assessor for taxation for the year 1928 and assessed at $25,833. The taxes extended on that valuation

were paid. When that assessment was made the lot had on it a building and other improvements which were not listed at all. For the year 1929 both the lot and the improvements were listed. The valuation as apportioned by the assessor was: Land $25,833, buildings and improvements $69,937, total, $95,770. The same valuation and apportionment were made for the year 1930. The board of review in 1930 made an assessment of $69,937 for the year 1928 on account of buildings and improvements which were on the lot in 1928 but were omitted from the assessment of that year. The back taxes extended on this assessment are $3454.93. Upon application of the county treasurer for judgment, objections to the back taxes were overruled by the county court and judgment for sale of the premises was entered. The Birtman Electric Company has sued out a writ of error from this court to reverse the judgment.

Section 14 of the Revenue act (Smith's Stat. 1929, chap. 120, par. 293,) provides that the value of lands and improvements shall be separately fixed and set down in separate columns in the assessor's books. Section 35 (par. 314) of said statute is in part as follows:

"The board of review shall, in any year, whether the year of the quadrennial assessment or not:

"First—Assess all property subject to assessment which shall not have been assessed by the assessor, and list and assess all property, real or personal, that may have been omitted in the assessment of any year or number of years."

Section 276 of the general Revenue law (Smith's Stat. 1929, chap. 120, par. 261,) provides that "if any real or personal property shall be omitted in the assessment of any year or number of years, * * * or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and

tax books." Section 277 provides that the amount of the tax on such omitted property may be added to the tax on such property for any subsequent year in separate columns designating the year or years.

The assessment of buildings and improvements in this case was not made by the assessor but was made by the board of review under the provisions of section 35., This was in conformity with our holding in *Stevens* v. *Henry County*, 218 Ill. 468, where it was said that under the law creating the board of review, "the first duty enjoined upon the board is to 'assess all property subject to assessment which shall not have been assessed by the assessors.' That provision has been examined and passed upon by this court, and we have held that since the act of 1898 the power to list and assess omitted property is confined by law exclusively to the board of review."

The controlling question in this case is, can the building and improvements be assessed as omitted property? Where real estate has been assessed by proper description and the taxes extended thereon have been fully paid, the board of review has no power in a subsequent year to review that assessment and increase or diminish it, but if no assessment was made then the board of review may make an assessment of the omitted property in a subsequent year. It is not disputed that in 1928 the land was improved with a building which had an assessed value of more than twice that of the land itself and that it was not listed and valued for assessment purposes.

It is contended that inasmuch as there was an assessment against the land and the taxes thereon paid, the assessment cannot be reviewed or questioned in subsequent years. While we have not had occasion to determine the effect of the statutory requirement to list land and the improvements thereon separately, we have had occasion to consider the statute requiring the listing and assessment of separate items of personal property under forms and

schedules prescribed by law. Thus, in *People* v. *Pullman Car Corp.* 355 Ill. 438, we held that personal property is ultimately assessed as a unit, nevertheless a lump sum assessment is void because of the mandatory requirement that personal property be listed in separate items according to classification which are obviously for the benefit of the taxing bodies and the tax-payer alike and necessary to an efficient method of assessment. It was further held that without itemization both the public and the tax-payer would be in complete darkness as to what property had been assessed and how its value had been determined. Prior to July 1, 1931, the statute required personal property to be listed under a form schedule which separated such property into thirty-six different items or classifications. Since that date the duty of prescribing and approving the form of schedules has been committed by the General Assembly to the State Tax Commission. (Cahill's Stat. 1931, chap. 120, sec. 25, par. 25.) Under the power vested in it the commission has prescribed a form of schedule classifying personal property for assessment purposes under forty descriptive heads. One of the items into which personal property has been separated for assessment purposes is "credits." A clear demonstration of when items of personal property are to be deemed omitted and when they are not is to be found by a review of *Allwood* v. *Cowen,* 111 Ill. 481, and *Sellars* v. *Barrett,* 185 id. 466. In the *Allwood case* it was claimed that certain credits had been omitted from the assessment for the years 1877, 1878 and 1879. The tax-payer had been assessed on that item for those years and had paid all the taxes levied thereon. It was decided that inasmuch as the value of that item had been fixed by the assessor and had gone into the total amount of the assessment of personal property no review of the assessment could be made even though it was shown that the assessment was inadequate. In the *Sellars case* no value was apportioned to the item "credits" from 1894

to 1898, inclusive. Upon that state of facts it was held that there was no assessment whatever for credits for that period of time, and the credits owned by the tax-payer should be treated as omitted property and were subject to assessment in a subsequent year.

It is the law that in order to arrive at an aggregate assessment, whether of real or personal property, consideration must be given to the separate items which constitute the entity. There are forty different items which must be considered in making up the entity of a personal property assessment, while in the case of improved real estate there are but two. The reasoning which dictates that any of the forty items of personal property which has been omitted from an assessment may be assessed in a subsequent year applies with equal force to an assessment against real estate when one of the two essential classifications of the assessment has been wholly disregarded. In the case of improved real estate the entity is composed of two components: one land and the other buildings and improvements. If both are listed and valued separately for assessment purposes the assessment cannot be reviewed in a subsequent year, but if either the land itself or the building and improvements have been omitted then that component part which was so omitted becomes a subject of assessment for taxation in a subsequent year.

The law has recognized the importance of making distinct listings both of personal property and improved real estate. The necessity of these distinctions arises out of advantages to be gained in separately fixing the values of specified items which make up the unit for assessment. This view finds confirmation in the fact that the statute also requires that improved real estate and unimproved real estate shall be listed in separate columns, the purpose being to afford opportunity for listing separately the value of buildings and improvements located on the improved land. Improvements are an element which the law declares

is necessary to consider in arriving at the total valuation of improved real estate. It seems clear that the rules and principles which we have applied in determining what is omitted personal property must be applied when we determine what is omitted real estate. In 1928 no value was fixed on the item of buildings and improvements. That value is conceded to have been $69,937. It therefore became the subject of future assessment.

In order to safeguard the rights of purchasers and certain transferees of either real or personal property from the danger of assessments for back taxes, the legislature has provided that no charge for tax for previous years shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was ascertained. Cahill's Stat. 1931, chap. 120, sec. 278.

The judgment of the county court in overruling the objections was correct, and it is affirmed.

*Judgment affirmed.*