PALMER, et al., Appellants, v. BEADLE COUNTY, et al, Respondents

(15 N. W.2d 6.)

(File No. 8701. Opinion filed June 16, 1944.)
Rehearing Denied Oct. 24, 1944.

**Royhl & Longstaff,** of Huron, for Plaintiffs and Appellants.

**H. W. Markey,** of Huron, for Defendants and Respondents.

POLLEY, J. This action was brought to quiet title to two lots in the city of Huron. Plaintiffs are owners of Lots 3 and 4, Block 6, in Black and Sterling's Addition to the city of Huron. Lot 4 was occupied by a house of some size, while Lot 3 was vacant, but by the assessor's return to the assessment of Lot 4, this lot appeared to be a vacant lot, and a house standing on Lot 4 was assessed as a part of Lot 3. This condition existed for the years 1931 to 1942, inclusive, without the payment of any taxes on Lot 4. The county treasurer discovered the omission of the building on Lot 4 on the assessor's return of the assessments of Lot 4 and notified the county auditor of the condition of the assessor's return to the assessment of Lots 3 and 4. The county auditor proceeded, under SDC 57.1002, to correct the assessment of Lot 4 made by the assessor by adding thereto the amount

of the assessed value of the house standing on Lot 4, and forthwith instituted proceedings to take a tax deed to Lot 4 in the name of Beadle County. Plaintiffs thereupon started this action to enjoin the treasurer from taking a tax deed to the lot. Plaintiffs undertook to redeem the lot by offering to pay the treasurer the sum of $96.70, the amount of the delinquent taxes on Lot 4 without any allowance for the assessed value of the house standing on Lot 4. This was refused by defendants. Plaintiffs then made defendants a legal tender of $96.70, which was refused, and deposited the money in a bank in Huron to abide the result of the action.

The court found the correct amount of delinquent taxes due on Lot 4 to be $649.36. The court also found that the proceeding to take tax deed by the county treasurer was defective and of no effect, and that plaintiffs were the owners of Lot 4, but subject to a tax lien for $649.36, which was found to be the correct amount of taxes then due the county on Lot 4, and entered an interlocutory order that upon the payment of $649.36 to defendants within 30 days, title to Lot 4 would be quieted in plaintiffs; but that if that sum was not paid within that time the action would be dismissed. The payment was not made within 30 days after the entry of the interlocutory order and an order dismissing the action was made. From the interlocutory order and final order dismissing the action, plaintiffs appeal.

The correct amount of delinquent taxes on Lot 4 was not $649.36, but only $96.70.

The second paragraph of SDC 57.1002 provides as follows:

"When the treasurer, after the tax list is committed to him, shall ascertain that any land or other property is omitted, he shall report the fact to the county auditor, who, upon being satisfied thereof, shall enter the same upon his assessment list and assess the value, and the treasurer shall enter it upon the tax list and collect the tax as in other cases."

But the authority of the auditor to make new assessments is limited to cases of "omitted property" and Lot 4 was not "omitted property" for the assessor had assessed it every year from 1931 to 1942, inclusive. The assessor had greatly undervalued the assessment no doubt, but that did

not authorize the auditor to make a reassessment of it. It is only property that the assessor has omitted that the auditor can reassess. This is the interpretation applied in a similar case under a similar statute in North Dakota, Marshall Wells Co. v. Foster County, 59 N. D. 599, 231 N. W. 542; and the same interpretation was put upon a similar statute in Indiana, Williams v. Segur, 106 Ind. 368, 1 N. E. 707; and the same ruling is applied in such cases in Iowa, German Sav. Bank of Manning v. Trowbridge, 124 Iowa 514, 100 N. W. 333; Woodbury County v. Talley, 153 Iowa 28, 129 N. W. 967.

■■ Neither do we believe that there was any error in the "quantity of real property assessed" within the meaning of the first paragraph of SDC 57.1002. Lot 4 in its entirety was assessed. The assessor undervalued the lot but the entire lot was assessed; there was no error in the quantity of real property assessed, the error was in the valuation. Under the provisions of SDC 57.0312 real property, for the purpose of taxation, shall include the land and all buildings, structures and improvements thereon. The assessment of Lot 4, therefore, included the land and the structures. SDC 57.0334 relates to the method of fixing the valuation of real estate, by providing that the value should be determined by considering the value of the land and also the value of the structure. But this section relates only to valuation and does not make structures on real property a separate class of property for the purpose of taxation. It follows, we believe, that the assessment of Lot 4 necessarily included any structures on the lot, and the failure of the assessor to consider the value of the structures in making his assessment, goes only to the valuation of the property assessed and not to the quantity. There is no authority in our law for the county treasurer or auditor to increase the valuation of property.

The correct amount of delinquent taxes due on Lot 4 is $96.70, and payment of that amount by the plaintiffs to the defendants, Beadle County and W. G. Bateman, as county treasurer, will dispose of the whole case.

The orders appealed from are reversed.
All the Judges concur.