AKERS v. HINTERGARDT et al.

No. 33070.   March 15, 1949.

*203 P. 2d 883.*

Hughes, Ogden & Ogden and Vincent Dale, all of Guymon, for plaintiff in error.

LaMar & Bailey, of Guymon, for defendants in error.

HALLEY, J. In 1944, defendant, Effie M. Akers, filed an action in the district court of Texas county against the plaintiffs in this action, to quiet title to certain lots in block 51 of the original town of Hooker, Texas county, Oklahoma, and the basis of her claim was a resale tax deed issued by the county treasurer of Texas county. A trial was had, and the plaintiffs in this action, the Hintergardts, were awarded lots 5, 6, 7, and 8 in block 51, and the plaintiff in that action, Effie M. Akers, was awarded lots 1, 2, 3, 4, and 9 and all the unnumbered lots in block 51, original town of Hooker. On the lots awarded to Effie M. Akers was a four-room box frame house, built on a concrete foundation, which was located on the unnumbered part of block 51.

Immediately following the entry of the judgment in her suit to quiet title, which was July 14, 1945, Effie M. Akers entered into possession of the property, including the four-room box frame house, and proceeded to make improvements thereon by having gas and electricity installed and a front porch built. On October 1, 1945, the plaintiffs in this action filed suit in district court in replevin to recover the four-room box frame house, in which suit they claimed that their father, Adam Hintergardt, had built this house more than 15 years prior to the filing of their petition and that they had inherited the same from him, and that their guardian had failed to pay the taxes on the property upon which the house was located, and that the lots on which the house was located were bought by the defendant, Effie M. Akers, at a tax resale; and they claimed that the property was never assessed as improved property, but was assessed as vacant and unimproved town lots. The defendant, Effie M. Akers, demurred to this petition, which was overruled, and she filed her answer in which she alleged that the land on which this house was standing was awarded to her by the judgment of the district court. The cause was tried to a jury, and a verdict was returned in favor of the plaintiffs and judgment was duly rendered on the verdict, and from such judgment and the order overruling defendant's motion for a new trial, the defendant has appealed.

The house in question is real property. Title 60 O.S.A. §§5 and 7, are as follows:

"5. Real property defined.

"Real or immovable property consists of:

"1. Land.

"2. That which is affixed to land.

"3. That which is incidental or appurtenant to land.

"4. That which is immovable by law. R. L. 1910, §6590."

"7. Fixtures defined.

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws. R. L. 1910, §6592."

In the early Oklahoma case of Bridges v. Thomas, 8 Okla. 620, 58 P. 955, it was held:

"As a general rule, the presumption will be entertained that a building located on real estate is real property, and not the subject of replevin."

In 46 Amer. Juris., §14, p. 620, the following rule is laid down:

"An action for replevin is one for the recovery solely of personal property, and cannot be maintained for the recovery of real property."

The defendant's title was based upon a tax deed, and it has been held by this court that real property, for the purposes of taxation, includes the land itself and any buildings or structures thereon, and that where real property is assessed for taxes and is sold for taxes, the purchaser acquires such property including the buildings and structures thereon. Davis et al. v. Taylor, 194 Okla. 565, 153 P. 2d 231; Title 68 O.S.A. §15.3.

The record in this case reveals that no appeal was ever taken from the suit in which the defendant's title was quieted, and the parties thereto are bound thereby. Chisholm v. Blanton et al., 104 Okla. 146, 230 P. 683; Home Development Co. v. Hankins, 195 Okla. 632, 159 P. 2d 1013.

The plaintiffs take the position that the case of Laswell v. McNutt, 195 Okla. 548, 159 P. 2d 739, is authority for the action of the trial court in this case; but that case is distinguishable from the case at bar for the reason that that was a suit to quiet title on a tax deed, while the case at bar is one in replevin, in which the defendant's title had been quieted and judgment rendered giving her title to certain particular lands on which the house was located.

The plaintiffs also rely on the case of Revell's Estate et al. v. Herron et al., 187 Okla. 618, 105 P. 2d 426, but a reading of that case will reveal that the factual situation is entirely different from the case under consideration.

If the plaintiffs in this case have any remedy, it is not in replevin. Under the facts in this case, there was no question to submit to the jury, and the court should have sustained the defendant's demurrer to the evidence and entered judgment for the defendant. This cause is reversed and remanded, with directions to enter judgment for the plaintiff in error, Effie M. Akers.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, LUTTRELL, and O'NEAL, JJ., concur.