[No. 38554. Department Two. September 22, 1966.]

TRADEWELL STORES, INC., *Appellant*, v. SNOHOMISH COUNTY, *Respondent.**

*Reported in 418 P.2d 466.

*Ryan, Askren, Carlson, Bush & Swanson* and *Eben B. Carlson,* for appellant.

*Robert E. Schillberg* and *Mark T. Patterson,* for respondent.

BIRDSEYE, J.†—The sole issue presented by this appeal is a question of law, the facts being undisputed.

Since midsummer of 1960, appellant has occupied a store building erected on a portion of Block 419, plat of Everett, Division "K," in Snohomish County, under a lease which obligates it to pay the real-estate taxes levied on the property. The building was erected during the first half of 1960, and replaced several single-family residences that were removed from the land.

From January 1, 1960, to January 1, 1964, the real property was listed on the county's assessment roles as having an assessed land value of $8,560, and an assessed improvement value of $1,215. Appellant paid taxes based on these assessments for the years 1962, 1963 and 1964.

In the fall of 1960, the new building was revalued by the employees of the assessor's office and it was established that the value of the improvement for assessment purposes was $29,720. For some undetermined reason, this new figure was not then posted to the assessment role and the old valuation of $1,215 remained on the records.

The error was finally discovered and, in 1965, additional taxes were assessed for the years 1962, 1963 and 1964. In so doing, the assessor believed that he was imposing an "omitted improvement assessment" pursuant to RCW 84.40.080. The additional taxes totaling $6,050.40 were paid under protest and this suit was instituted to obtain a refund. Both parties moved for summary judgment and the county prevailed. This appeal followed.

The pertinent portion of the governing statute RCW 84.40.080 is as follows, the last sentence having been added in 1951:

---

†Judge Birdseye is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The assessor, upon his own motion, or upon the application of any taxpayer, shall enter in the detail and assessment list of the current year any property shown to have been omitted from the assessment list of any preceding year, at the valuation of that year, or if not then valued, at such valuation as the assessor shall determine from the preceding year, and such valuation shall be stated in a separate line from the valuation of the current year. Where improvements have not been valued and assessed as a part of the real estate upon which the same may be located, *as evidenced by the` assessment rolls,* they may be separately valued and assessed as omitted property under this section: . . . . (Italics ours.)

It is appellant's contention that the italicized portion of this statute requires that the failure to tax be apparent on the face of the assessment roll before taxes for past years may be assessed. It is urged that, because the rolls show *some* assessment for improvements for the 3 years in question here, no further taxes can be imposed. We agree.

 A statute, if possible, should be construed to give effect to all the language used. *Danley v. Cooper,* 62 Wn.2d 179, 381 P.2d 747 (1963). The law clearly requires that the failure to tax must be established by the assessment roll itself before taxes for past years can be imposed. Inappropriate valuations may not be increased under the statute; the property must have been omitted entirely and this omission must be "evidenced by the assessment rolls."

While, in the case at bar, an examination of the rolls might (and probably would) alert the taxpayer to the true situation, this is only so because of the modest amount of the valuation given there for the improvements ($1,215) as compared to the actual value of the store building ($150,000 to $200,000). But this is only a matter of degree. Were the situation reversed, with a new building worth only slightly more than the improvement it replaced, a look at the assessment rolls might well fail to warn the taxpayer of the fact that his new building had not yet been valued for tax purposes and that he would be subject to an omitted property assessment for as much as 3 years. Property owners who are taxed for "improvements" on a piece of property

and who pay the amount for which they are billed should be entitled to rely on the record thus made.

The fact that this interpretation allows a taxpayer to escape payment of taxes as a result of error or oversight of the assessor or even because of his inability to keep constantly informed of new construction in his county is unfortunate, but is immaterial. This has long been the law. In *Hammon Lumber Co. v. Cowlitz Cy.*, 84 Wash. 462, 147 Pac. 19 (1915), the assessor had levied taxes based on the value of the land, but had neglected to include a railroad built on the property. When he attempted to levy an "omitted property assessment" to cure this oversight, this court ruled that it was not a case of assessing omitted property but, rather, was double taxation and therefore improper.

The same result was reached in *E. K. Wood Lumber Co. v. Whatcom Cy.*, 5 Wn.2d 63, 68, 104 P.2d 752 (1940), where standing timber was overlooked when the property on which it stood was valued for tax purposes. This court there said:

> In the case at bar, the land and timber were, for purposes of taxation, one parcel of real estate, and only one tax could be levied thereon. Such a tax was levied and paid by respondent. Unquestionably, the value of real estate, as estimated by the assessor, should include both the land and the timber growing thereon.

This is the rule in most jurisdictions. *Marshall Wells Co. v. Foster Cy.*, 59 N.D. 599, 231 N.W. 542 (1930); *People ex rel. Schuler v. Chapman*, 370 Ill. 430, 19 N.E.2d 351 (1939); *State v. Mortgage-Bond Co. of New York*, 224 Ala. 406, 140 So. 365 (1932); *Davidson v. Franklin Ave. Inv. Co.*, 129 Minn. 87, 151 N.W. 537 (1915); *Palmer v. Beadle Cy.*, 70 S.D. 99, 15 N.W.2d 6 (1944).

Our conclusion is supported by this court's recent decision in *Lipsett Steel Prod., Inc. v. King Cy.*, 67 W.D.2d 639, 409 P.2d 475 (1966). The trial judge had been faced with a problem similar to that in the case at bar. He indicated (on the authority of *Wood Lumber Co. v. Whatcom Cy., supra*) that, inasmuch as the real estate had been

assessed and taxed, certain heavy machinery which he believed to be a part of the realty and which had been omitted from the assessment could not be made the subject of an additional tax. However, he denied recovery on the ground that the protest under which the tax was paid was fatally defective. On appeal, this court held otherwise and ruled that the form of the protest was sufficient. To escape the rule of *Wood Lumber Co.*, respondent county argued to this court that the machinery was personal property and, never having been assessed as personalty, could be taxed as omitted property under the authority of RCW 84.40.080. We agreed and denied recovery of the taxes.

If our decision in the case at bar poses a problem for the taxing authorities, the answer lies either with the legislature or with the assessors who are at liberty to make their assessment rolls reflect as much detail as they wish.

The judgment of the trial court is reversed and the cause is remanded with instructions to enter judgment as prayed for by appellant.

ROSELLINI, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.