No. 46,226

A. E. NICKELSON, et al., *Appellants*, v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF LYON, et al., *Appellees*.

(495 P. 2d 1015)

Opinion filed April 8, 1972.

*Keith A. Greiner*, of the firm of Steerman and Greiner, of Emporia, was on the brief for the appellants.

*R. E. Miller*, County Counselor, was on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This action is brought under K. S. A. 60-907 (*a*) to enjoin the collection of 1961 and 1962 sewer tax assessments levied

against certain lots in Lester Matlock's First Addition to Emporia, Kansas. The plaintiffs, A. E. Nickelson and Emma Nickelson, purchased the lots November 30, 1962, and they have been joined in this action by parties to whom they have conveyed a number of the lots. They will be referred to collectively as plaintiffs throughout this opinion. The defendants include the Board of County Commissioners of Lyon County, Kansas, and, we may presume, certain elected officials of that county, although the record does not disclose who they may be. Despite this shortcoming we shall refer to the defendants either by that term or as the county. Judgment was entered in the court below in favor of the defendants, and the plaintiffs have appealed.

The controlling facts have been stipulated. On March 16, 1960, Lyon County Sewer District No. 1 was created. As of that date Lester Matlock's First Addition had not yet been platted. On December 28, 1960, the Matlock addition was platted and was annexed to the city of Emporia. The plat was duly filed of record February 1, 1961.

On September 29, 1961, the sewer district was enlarged by resolution of the Lyon County Board of Commissioners to include the area platted as Lester Matlock's First Addition. However, the resolution described the added area not as Lester Matlock's First Addition but as the East Half (E½) of the Northeast Quarter (NE¼) of the Southwest Quarter (SW¼) of Section 8, Township 19, Range 11 East of the Sixth P. M. lying north of the Kansas State Highway right-of-way line, said highway being known as U. S. 50 S, less easements for public highway, containing 17 acres.

The sewer tax assessments for 1961 and 1962 were first placed on the Lyon County tax rolls against the above tract as a whole, as it was described in the commissioners' resolution, and it was not until sometime in 1963 that the assessments were broken down and placed on the tax rolls for each of the lots located in the Matlock addition.

In the meantime, and on November 30, 1962, the Nickelsons became the owners of the lots involved in this lawsuit, pursuant to a contract under which the seller was to pay the 1961 and 1962 taxes. In accordance with that contract the seller did pay all 1961-62 taxes as they were shown on the tax rolls for those years.

As we have said, the sewer assessments were not placed on the tax rolls against the plaintiffs' lots until sometime in 1963 (the exact

date not being shown), when the county clerk corrected the rolls and spread the escaped assessments against the lots in Matlock's First Addition. In taking this action, the clerk proceeded under the provisions of K. S. A. 79-417, which reads as follows:

"It shall be the duty of the county clerks in all cases where any lands or improvements in their respective counties for any reason have not been assessed for taxation or have escaped taxation for any former year or years when the same were liable to taxation, to place the same upon the assessment and tax rolls, and to charge against said lands or improvements taxes equal to and in accordance with the tax levies that would have been charged against said lands or improvements had they properly been listed and assessed at the time they should have been assessed under the provisions of the general laws governing the assessment and taxation of land: *Provided,* That no lands or improvements shall be assessed under the provisions of this section, where the same have changed ownership other than by will, inheritance or gift."

Under our present tax procedures, the county clerk is enjoined by statute, after all levies required by law have been certified to him, to compute the sums to be levied upon each tract or lot of real property, in the name of the owner, if known, and upon the amount of personal property in the name of each person, company or corporation, which shall be levied equally upon all real and personal property subject to the same tax, and set down all taxes on the tax roll. (K. S. A. 79-1803.) The possibility of human error being always present in the affairs of mankind, the legislature in K. S. A. 79-417, authorized the county clerk to correct any errors in or omissions from the tax rolls which might be discovered after the tax rolls had been certified and delivered to the county treasurer; but this authority was circumscribed by the limitation set forth in the proviso.

From the facts of this case it is apparent that mistakes were made in preparing the 1961 and 1962 Lyon County tax rolls. The sewer assessments for those years were entirely omitted from the 1961-1962 tax rolls of Lester Matlock's First Addition and were not placed of record against the lots in that addition until the 1963 tax rolls were prepared, even though the plat of the addition had been recorded February 1, 1961, and, presumably, a copy filed with the county clerk as required by K. S. A. 12-403.

The defendants frankly concede that the county clerk, in attempting to correct the mistakes of the past, was proceeding under the authority contained in K. S. A. 79-417 when he placed the escaped sewer assessments on the 1963 tax rolls standing against the lots then owned by the plaintiffs. In their brief, the defendants say:

". . . The Clerk has a positive statutory duty and direction to place such escaped lands properly on the tax rolls, for the sum properly due, with penalty and interest as may become due under K. S. A. 79-417."

The trial court expressed much the same view in entering judgment in favor of the county.

We find it somewhat incongruous for the county to rely on K. S. A. 79-417 in placing the escaped sewer assessments on the tax roll against the plaintiffs' property and at the same time to deny the pertinency of the proviso which forms a part of the very same statute. The proviso, which recites that no lands shall be assessed under the provisions of the statute (79-417) where they have changed ownership other than by gift, will or inheritance, fits the plaintiffs' position exactly, for they acquired ownership of their lots through purchase.

As it appears to us, the underlying purpose of the proviso must be, as the plaintiffs point out in their brief, to protect bona fide purchasers against taxes which may be due but which are not shown on the tax rolls. A purchaser should be able to rely on the integrity of the tax rolls as they stand at the time of purchase. The instant case presents a prime example of the prejudice which might result to a purchaser if the rule were otherwise. When the Nickelsons bought the lots in question, the seller agreed to and did in fact pay the taxes then shown due for 1961 and 1962. Inasmuch as the sewer assessments for those two years were not then on the tax rolls against the lots, those taxes were not paid by the seller—and the seller has since become insolvent.

The county argues that the sewer taxes were lawfully levied when the county commissioners adopted the resolution of September 29, 1961, and that the act of placing them on the tax rolls as escaped assessments was a purely ministerial act. We have some difficulty understanding the force of this argument. It makes little difference, in our view, whether the placing of an escaped assessment on the tax roll be denominated ministerial or administrative; the results to a good-faith purchaser are the same in either case.

We recognize that K. S. A. 79-417 is remedial in purpose and is designed to prevent property escaping its fair share of the tax burden. To that end the statute is fashioned to enable the county clerk to place on the tax rolls whatever escaped tax or assessment the property should have borne in the first instance—but, as the proviso recites, not at the expense of a good-faith interim purchaser.

The language of the statute may perhaps be cause for some mis-

understanding as to its impact or meaning because of the impreci-sion with which the words "tax", "levy" and "assessment" are some-times used in connection with taxes. All three terms are compre-hended within the taxing process and are frequently employed in the sense of being interchangeable. (*Commercial National Bank v. Board of County Commissioners*, 201 Kan. 280, 440 P. 2d 634.) In the overall picture, however, we view K. S. A. 79-417 as permitting any escaped or omitted tax, levy or assessment to be added to the tax rolls against the property to which it originally should have been charged, except where the property has in the meantime changed hands other than by means of gift, will or inheritance.

Rather surprisingly K. S. A. 79-417 has received scant judicial attention. In *Harris v. Drought*, 24 Kan. * 524 [2d Ed. 375], the court referred to a proviso phrased in identical words which was part of the statute then authorizing county clerks to place escaped taxes on the tax rolls. It was said in that case, however, that the proviso was not then before the court because it seemed that the purported conveyance was intended for a mortgage. The second and only other case which has come to our attention is *Walker v. Douglass*, 2 K. A. 706, where reference is made to Compiled Laws of 1879, ch. 107, § 54, the predecessor of K. S. A. 79-417, and the same proviso is mentioned but not construed. There is nothing in either of these cases which tends to question in any way the applica-bility of the proviso before us.

We have not overlooked the challenge made by the county to the court's jurisdiction to act in this case. It is said that K. S. A. 60-907 (*a*), on which the plaintiffs rely in bringing this action, may not be used to enjoin the collection of taxes under the conditions which obtain here. The statute reads as follows:

"Injunctive relief may be granted to enjoin the illegal levy of any tax, charge or assessment, the collection thereof, or any proceeding to enforce the same."

As we understand the county's argument it centers about the words "illegal levy." It is said the levy of the sewer tax made by the county commissioners was not of an illegal nature, but that the tax was levied legally under the provisions of G. S. 1949 (now K. S. A. 1971 Supp.) 19-2705, which pertains generally to the con-struction and financing of sewers.

The legality of the proceedings which led to the formation of the original sewer district and to the resolution of September 28, 1961,

enlarging the district and levying assessments upon the additional land therein, has never been questioned in this case, but this is not dispositive of the jurisdictional question. The plaintiffs' complaint goes not to illegality on the part of the county commissioners but to unauthorized action on the part of the county clerk in placing the escaped assessments of yesteryears upon the tax rolls, after the plaintiffs had purchased their lots for value. It is in this context that plaintiffs contend the levy is illegal as to them—and we are inclined to agree.

In a number of recent cases this court has had occasion to explore the meaning of the expression "illegal levy of any tax, charge or assessment" as it is contained in 60-907 (*a*). In *Mobil Oil Corporation v. McHenry*, 200 Kan. 211, 234, 436 P. 2d 982, we said:

"Cases throughout the history of Kansas disclose that the expression 'the illegal levy of any tax, charge or assessment,' contained in 60-907, *supra*, and its predecessors, has reference to action of an administrative official or board taken without authority, or action of an administrative official or board which is permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud in connection with the levy of any tax, charge or assessment."

See, also, *Mullins v. City of El Dorado*, 200 Kan. 336, 436, 436 P. 2d 837; *Mobil Oil Corporation v. Reynolds*, 202 Kan. 179, 183, 446 P. 2d 715, where the same or similar language is employed.

In the case at bar the action of the county clerk, in placing the escaped sewer assessments for 1961-1962 on the 1963 tax rolls against property now owned by plaintiffs, after that property had been purchased for a valuable consideration, was unauthorized—it was not sanctioned by K. S. A. 79-417. That statute, it is true, authorizes the clerk to place property on the tax rolls where it has escaped taxation, or where assessments have been omitted, but the authority does not extend to property which has in the meantime changed ownership by means other than gift, will or inheritance. Hence, we conclude that K. S. A. 60-907 (*a*) is available to these plaintiffs as a vehicle for obtaining relief.

The judgment of the court below is reversed with directions to enter judgment for the plaintiffs.