John G. LEYH, Appellee,

v.

Wilson V. GLASS, County Assessor of Tulsa County, Oklahoma, Appellant.

No. 44671.

Supreme Court of Oklahoma.

March 20, 1973.

Jones, Givens, Brett, Gotcher & Doyle, by Jack R. Givens, Tulsa, for appellee.

Marvin E. Spears, Asst. Dist. Atty., Tulsa, for appellant.

BERRY, Justice:

The question involved in this appeal concerns what constitutes omitted property as that term is used in 68 O.S.1971 §§ 2435 and 2439.

Leyh acquired certain real property prior to 1965. On the date of acquisition two residential buildings, which he rented to third parties, were located thereon. In 1965 the residential buildings were demolished, and an office building was constructed on the land. The office building was leased to a commercial tenant.

The County Assessor of Tulsa County assessed the real property at a value of $750.00, and the improvements thereon at a value of $2,650.00, for the taxable year 1965.

In November, 1965, and again in 1966, Leyh informed personnel in the office of the county assessor of the new improvements.

However, for the taxable years 1966, 1967, 1968 and 1969, the property was valued and assessed as it had been in 1965.

Taxes in the amount of $278.73 [1966], $280.74 [1967], $280.74 [1968] and $275.91 [1969], were levied and paid by Leyh.

In 1970 the county assessor assessed the real property at a value of $4,500.00 and the improvements thereon at a value of $15,060.00. Leyh makes no complaint with respect to the assessment insofar as concerns the taxable year 1970.

However, the county assessor made a corrected assessment for the property for the taxable years 1966, 1967, 1968 and 1969, fixing the assessed valuation at $19,560.00, and assessing additional taxes for these tax years in the amount of $1,325.61, $1,307.18, $1,335.15 and $1,312.19, respectively.

Leyh paid the additional taxes under protest. He then filed an action in the Tulsa County District Court pursuant to 68 O.S.1971 § 2469. In this action he requested the court to hold that the additional assessment for the years 1966–1969 was null and void, and to grant him a refund of the $5,280.13 which he had paid as additional taxes for these years.

He also filed four separate actions, one for each taxable year involved, before the Tulsa County Board of Tax Roll Correction. Such actions were entitled "Complaint of Erroneous Assessment and Petition for Correction." These complaints were denied. He then appealed each of these actions to the district court.

The four appeals and the original action were consolidated for trial. The five actions have been consolidated on appeal for the purpose of presenting a single record and a single series of briefs.

The trial court found that the real property was previously assessed and taxed for the years 1966, 1967, 1968 and 1969, and the tax thereon paid; that the real property and improvements thereon did not constitute omitted property within the provisions of 68 O.S.1965 § 2439; and that the additional tax was null and void. The trial court then granted judgment ordering the county treasurer to refund the $5,280.13 to Leyh.

The county assessor appeals.

68 O.S.1971 § 2404, subjects all property in this State to ad valorem taxation, subject to certain exceptions not relevant to this cause.

68 O.S.1971 § 2419, provides in part:

"Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself * * * and all buildings, structures and improvements * * * thereon * * *."

68 O.S.1971 § 2427, provides in part:

"* * * taxable real property * * * need not be listed with the County Assessor * * *."

68 O.S.1971 § 2430, provides in part:

"* * * Real estate need not be listed by the taxpayer, but may be listed by him if he desires, in which case the list shall show the taxpayer's estimate of the value of each tract of land and shall separately show the value of the buildings and improvements thereon."

68 O.S.1971 § 2435(b), supra, provides in part as follows:

"The County Assessor shall assess and value all property * * * which is subject to assessment by him, and shall place a separate value on the land and improvements in assessing real estate; and he shall do all things necessary * * * to enable him to assess and value all taxable property, determine the accuracy of assessment lists filed with him, discover and assess omitted property * * *."

68 O.S.1971 § 2471, provides in part:

"Each * * * Assessor * * * shall annually prepare an assessment roll which * * * shall contain the following:

* * * * * *

"(d) the value * * * of all property * * *. In listing real estate the value of land and improvements shall be shown separately in each instance."

68 O.S.1971 § 2472, provides that the county assessor shall prepare the tax rolls with a list of all taxable lands. This sec-

tion does not require the assessor to make a separate listing of the valuation of land and improvements.

Section 2439 provides in part as follows:

"(a) If any real * * * property be omitted in the assessment of any prior year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the County Assessor * * * shall at any time cause such property to be entered on the assessment rolls and tax rolls for the year or years omitted, not to exceed the last fifteen (15) years as to real property * * *."

68 O.S.1971 § 24304, provides:

"Taxes upon real property are hereby made a lien for fifteen (15) years from the date upon which such tax became due and payable."

68 O.S.1971 § 24233, provides in part:

"* * * any lien for Ad Valorem taxes * * * which * * * may hereafter accrue because of the failure of any real property to have been assessed or taxed and placed upon any tax roll, shall be and are hereby extinguished upon the expiration of fifteen (15) years from the date when such lien would have accrued had such assessment or assessments been made or placed upon the tax roll as required by law."

68 O.S.1971 § 2441, provides that property may be reassessed whenever it has, through false representations or concealments wilfully and fraudulently made by the owner or agent in listing the same for assessment, been grossly undervalued.

It is not asserted that the additional taxes were due under this provision, apparently because there were no false representations concerning the value of the property and because taxpayers are not required to list real property for assessment.

In the first paragraph of the syllabus of State v. Thompson-Parker Lumber Co., 173 Okl. 22, 46 P.2d 494, this Court held:

"The procedure authorized by sections 12346 and 12348, O.S.1931, for listing and assessing omitted property is neither available nor appropriate for reassessing or revaluing property which has already been assessed."

 Leyh contends that the statutes, while providing for a separate valuation of improvements, contemplate the levying of the tax against the land and improvements thereto as a single unit. He then contends that his real property, as a unit, has been assessed and taxed. It may have been undervalued, but the omitted property statute is not available nor appropriate for revaluing or reassessing property which has already been assessed. State v. Thompson-Parker Lumber Co., supra.

In support of this contention he cites Roberts v. Fair, 174 Okl. 139, 50 P.2d 152.

In that case the taxpayer purchased land in 1931. The property had been assessed for ad valorem taxes in 1919 for two years, and in 1921 for two years. Taxes were levied and paid. In 1920, 1921 and 1922, the then owner placed certain improvements upon the land. In 1932 the assessor sought to assess additional taxes for the years 1920, 1921 and 1922, for the improvements on the realty, contending these improvements constituted omitted property. The taxpayer brought an action for an injunction which was granted by the trial court.

There this Court noted that in 1924 the legislature provided that where improvements were placed upon real estate after it had been assessed at the regular biennial assessment date, the assessed valuation of the land should be increased for the ensuing year by the value of the improvements placed thereon. This Court then stated:

"Thus is made clear the legislative * * * intent that improvements becoming a part of the reality should not be assessed separately, nor treated as omitted property if not assessed, but that the value of assessed realty should be increased by the value of improvements constructed since assessment of the land. The Legislature observed that the value of real estate would be increased by im-

262

provements thereon, and merely provided for the extension of this increase upon the tax roll, not for the assessing separately of the improvements which were themselves a part of the realty.

"The real property here involved remained real property after it had gained in value by virtue of the improvements. We * * * assume it was fairly valued and assessed before the improvements were added. It would follow that after the realty increased in value by the added improvements it might then have * * * become an undervalued assessment, * * *. But we hold that the mere increase in value of this real estate did not operate to place the realty or any part of it in the classification of property omitted from assessment because it was not so omitted, but on the contrary had its place upon the tax rolls of the county. To hold otherwise would be contrary to the express policy and intent of the Legislature that the improvements should merely be treated as adding to the value of assessed real estate.

* * * * * *

"There is no provision of law which we have been able to find which separates the real estate from the improvements for assessing purposes. On the contrary * * * section 12331 * * * provides as follows: 'Real property * * * shall be construed to mean the land itself, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon * * *'"

There this Court quoted from Davidson v. Franklin Ave. Inv. Co., 129 Minn. 87, 151 N.W. 537, as follows:

"* * * To hold that there may be a reassessment when property has been undervalued by the assessing officers, but has paid the taxes assessed and levied, would often work a hardship upon innocent purchasers of the property. * * *"

The assessor contends that § 2435 supra, which was first enacted in 1941, now pro-

vides for the separate valuation of land and improvements; that this creates two separate classes of real property, land and improvements, that the commercial building, which replaced the residential buildings, was not valued and assessed during 1966 through 1969, and that it therefore constitutes "omitted property" as that term is used in § 2439.

Therefore, we must determine whether the legislature, in providing that the assessor shall place a separate value on the land and improvements in assessing real property, intended to create two separate classes of real property, land and improvements, either of which could constitute "omitted property" within § 2439.

Section 2439, supra, the omitted property statute, refers to "real property", and makes no specific reference to improvements thereon.

Section 2435, supra, does provide that the assessor shall place a separate value on the land and improvements "in assessing real estate." However, this does not clearly indicate that the legislature intended to make structures on real estate a separate class of property for the purpose of taxation. In Palmer v. Beadle County, 70 S.D. 99, 15 N.W.2d 6, the court stated:

"SDC 57.0334 relates to the method of fixing the valuation of real estate, by providing that the value should be determined by considering the value of the land and also the value of the structure. But this section relates only to valuation and does not make structures on real property a separate class of property for the purpose of taxation. It follows, we believe, that the assessment of Lot 4 necessarily included any structures on the lot, and the failure of the assessor to consider the value of the structures in making his assessment, goes only to the valuation of the property assessed * * *. There is no authority in our law for the county treasurer or auditor to increase the valuation of property."

Further, even though this Court has never considered the specific problem involved

in this case, it has, in cases decided since 1941, indicated that land and improvements are to be taxed as a single unit.

In paragraph 4 of the syllabus of Akers v. Hintergardt, 201 Okl. 213, 203 P.2d 883, this Court held:

"Where real property assessed for taxation * * * is sold for taxes, the purchaser acquires such property including the buildings and structures thereon."

We note that some courts have held that improvements upon real estate may constitute omitted property even though the real estate itself has been assessed and taxed. However, in the majority of those cases the court noted that the statutory scheme provided that no charge could be made for years prior to the date of ownership of the person owning the property at the time the tax liability for omitted property was ascertained. People v. Birtman Electric Co., 359 Ill. 143, 194 N.E. 282. See also discussions of the point in Mueller v. Mercer County, N.D., 60 N.W.2d 678, and Nickelson v. Board of County Com'rs of Co. of Lyon, 209 Kan. 53, 495 P.2d 1015.

■ In Oklahoma taxes upon real property constitute a lien upon the property. 68 O.S.1971 § 24304, supra. Parties dealing with real estate and titles thereto are charged with notice of the tax liens created by law. Akard v. Miller, 169 Okl. 584, 37 P.2d 961. In cases such as the present case, the tax rolls would indicate that all taxes assessed against the property and improvements had been paid for the years in question. If improvements constitute omitted property within § 2439, a purchaser for value might acquire the property believing that all taxes had been paid. The property might then be subjected to a lien for taxes for years prior to the date of purchase due to the fact that certain improvements had

not been assessed and taxed during prior years. The fact that the legislature failed to provide any protection for subsequent purchasers indicates that the legislature did not intend to establish improvements as a separate class of real property which could constitute omitted property within § 2439 in situations where the land itself had been assessed and taxed.

■ Therefore, we conclude that § 2435 does not establish improvements as a class of real property separate from the land, and when the value of improvements is not included in the value of the real property, as shown on the tax roll, the improvements do not constitute omitted property within § 2439. In such circumstances the real property has merely been undervalued. The procedure authorized by § 2439 is neither available nor appropriate for reassessing or revaluing property which has already been assessed and taxes paid.

This opinion is dispositive of all appeals consolidated under No. 44,671.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in part, dissents in part.

IRWIN, Justice (concurring in part dissenting in part).

In my opinion, the land would not constitute "omitted" property within the purview of 68 O.S.1971, § 2439, and I concur in that part of the opinion.

In my opinion, the improvements would constitute "omitted" property within the purview of § 2439, and I respectfully dissent to that part of the opinion.