[No. 11603-4-III.  Division Three.  September 22, 1992.]

STANLEY W. SMITH, ET AL, *Respondents*, v. SPOKANE COUNTY, *Appellant*.

*Donald C. Brockett, Prosecuting Attorney,* and *Garald A. Gesinger, Deputy,* for appellant.

*Robert T. Carter* and *Randall & Danskin, P.S.,* for respondents.

SHIELDS, C.J. — In August 1989, the Spokane County Treasurer billed Stanley and Nancy Smith $48,186.78 for property taxes on improvements retroactively assessed as omitted property under RCW 84.40.080. The Smiths paid the taxes under protest and filed suit for their recovery

pursuant to RCW 84.68.020. The Smiths prevailed. The County appeals; we affirm.

In 1984, the Smiths rezoned seven unimproved lots they owned near Liberty Lake for a planned unit development. They obtained a building permit from the county planning department and construction financing from Columbia Federal Savings & Loan Association in Wenatchee. Construction of seven 4-unit apartment buildings commenced in the spring of 1985. The Spokane County Building Codes Department issued a certificate of occupancy for the 28-unit apartment complex on September 19, 1985. In November 1985, the Smiths converted the Columbia Federal construction loan to a permanent loan. The loan was secured by individual deeds of trust on each of the seven apartment units, recorded with the Spokane County Auditor on November 19. The loan had no reserve account for taxes.

For the years 1987, 1988, and 1989, the property remained assessed for its land value only; the improvements were not assessed. The Smiths' property manager paid the tax bills as they came due. Columbia Federal had no notice of either the assessments or the amount of taxes paid.

In June or July 1989, the County Assessor first assessed the value of the improvements: $145,400 for each of the seven 4-unit apartment buildings. In August the County Treasurer billed the Smiths $48,186.78 for additional taxes levied upon the omitted improvements for the years 1987, 1988, and 1989 pursuant to RCW 84.40.080, which provides in pertinent part:

> Where improvements have not been valued and assessed as a part of the real estate upon which the same may be located, as evidenced by the assessment rolls, they may be separately valued and assessed as omitted property under this section: *Provided,* That no such assessment shall be made in any case where a bona fide purchaser, encumbrancer, or contract buyer has acquired any interest in said property prior to the time such improvements are assessed.

The Smiths paid the taxes under protest, sued the County and obtained a judgment in their favor.

The facts are undisputed. The appeal presents a single issue: whether Columbia Federal is a "bona fide encumbrancer", as that term is used in RCW 84.40.080, thus precluding the County from assessing the omitted improvements retroactively.

■ Although "bona fide encumbrancer" is not defined in the statute, the parties agree on its definition: one who gives valuable consideration, in good faith, without actual or constructive notice of another's right, claim or interest in the property. *See Tomlinson v. Clarke*, 118 Wn.2d 498, 500, 825 P.2d 706 (1992); *Glaser v. Holdorf*, 56 Wn.2d 204, 208-09, 352 P.2d 212 (1960).

The County acknowledges Columbia Federal gave valuable consideration in good faith, but contends it had constructive notice of the County's right, claim, or interest in the property: its statutory right to tax improvements, including improvements omitted from assessment for 3 years preceding discovery of the omission. RCW 84.40.080, .085. The County's reasoning is flawed.

■ The County's right to tax does not become a claim or interest in property until its value is assessed and the tax levied. The County's right to retroactively assess and tax omitted improvements for 3 years is conditional; the statute does not allow retroactive assessment and taxing when others have first acquired a bona fide interest. RCW 84.40.080. Columbia Federal had knowledge of both these rights, but that knowledge is immaterial to the issue. The knowledge which is material is of the *omission* of the assessment. If the encumbrancer knows of the omission, it is deprived of "bona fide" status.

■ If the County's interpretation of RCW 84.40.080 were accepted, its proviso would have no effect and be superfluous.[1] Courts are required to give effect to every part of a

---

[1]As noted in the dissent, Kansas has a statute similar to Washington's in subject matter. However, the Kansas statute is not similar in content. The Kansas statute deals with omission in a significantly different manner, which protects only interim purchasers, and provides no guidance on the issue presented here.

statute, whenever possible, and should not deem a clause superfluous unless it is the result of an obvious drafting error. *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 479, 745 P.2d 1295 (1987); *Hanson v. Tacoma*, 105 Wn.2d 864, 871, 719 P.2d 104 (1986); *see also John H. Sellen Constr. Co. v. Department of Rev.*, 87 Wn.2d 878, 883, 558 P.2d 1342 (1976). There is no obvious drafting error in RCW 84.40.080.

Columbia Federal cannot be charged with constructive knowledge the County would fail to assess the improvements for 3 years. The assessment had not been omitted when Columbia Federal acquired its interest. Although it could anticipate taxation, it could not anticipate the County would omit the assessment of the improvements. Unknown omitted retroactive assessments potentially jeopardize an encumbrancer's security.

The regulation regarding assessment of omitted improvements is consistent with this interpretation; it prohibits assessment in this case. WAC 458-12-050 provides, in pertinent part:

> Whenever any real property is omitted from the assessment rolls, the assessor shall have the right and duty to go back and separately value and list such property as omitted property. When improvements or land are omitted, the assessor shall check back for a period of three years and base his assessment on the value of the improvements as of the year or years omitted regardless of the reason why the improvements or land were omitted from the rolls. *If it is found that a bona-fide purchaser (third party) had purchased or acquired any interest in the property prior to the time such improvements are assessed and without knowledge that the property is omitted, then there shall be no assessment made. (RCW 84.40.080)*[.]

(Italics ours.)

■ Furthermore, even if the Smiths, as owners, knew of the omission, they were under no obligation to alert the County to it.[2] *See E.K. Wood Lumber Co. v. Whatcom Cy.*, 5

---

[2]It has been a requirement in this state since 1955 that issuers of building permits transmit a copy of the permit to the county assessor. *See* Laws of 1955, ch. 129, § 3; former RCW 36.21.060; RCW 19.27.140. If that was not done here, it was not the Smiths' fault.

Wn.2d 63, 66-67, 104 P.2d 752 (1940). That the Smiths escape paying taxes on the improvements for the 3 years' omissions is unfortunate for the County, but immaterial to our analysis. In *Tradewell Stores, Inc. v. Snohomish Cy.*, 69 Wn.2d 352, 356, 418 P.2d 466 (1966), the court stated: "If our decision in the case at bar poses a problem for the taxing authorities, the answer lies either with the legislature or with the assessors who are at liberty to make their assessment rolls reflect as much detail as they wish." Had the County acted in a timely manner and assessed the improvements in 1986 for the 1987 tax year,[3] there would have been no loss of tax revenue.

The judgment for refund of taxes is affirmed.

SWEENEY, J., concurs.

MUNSON, J. (dissenting) — The effect of the majority opinion is that a county can never recover omitted taxes when encumbered new construction is omitted from the tax rolls by the County Assessor. I do not believe that was the intent of the Legislature.

A pertinent proviso in RCW 84.40.080, regarding omitted property, states: "That no such assessment shall be made in any case where a bona fide purchaser, encumbrancer, or contract buyer has acquired any interest in said property prior to the time such improvements are assessed." RCW 84.40.085 limits the assessment on omitted property to the 3 previous years.

The term "bona fide", as used in this context, is commonly understood to mean one who has acquired an interest in property without notice of any competing interest. *Tomlinson v. Clarke*, 118 Wn.2d 498, 510, 825 P.2d 706 (1992), aff'g, 60 Wn. App. 344, 803 P.2d 828 (1991).

Here, at the time of construction, Columbia Federal Savings & Loan extended a loan to Stanley and Nancy Smith.

---

[3]Because the new construction was not completed before July 31, 1985, no assessment would have been made for the 1986 tax year. *See* RCW 36.21.080.

It was later converted to a conventional loan and a deed of trust taken as security. No assessment had been made to evaluate the apartment complex at that time nor was one expected until the 1987 tax year. Pursuant to tax policies in effect at the time these loans were made, the 1986 real property tax would be based on land assessment only.

Thus, when the conventional loan was granted and the trust deed given, both the owner and the lender were aware the assessed value of the improvement had not yet been placed on the tax rolls. There was no intervening interest or outstanding right in anyone else. They should have been aware and have had an expectation that an improvement assessment would be made. Here, the lender had no reserve account for taxes in its agreement; the Smiths were paying the taxes directly. Thus, the lender would not receive a tax statement. For the years 1987, 1988, and 1989, the Smiths received and paid tax statements based on the assessed value of the land because of the Assessor's omission of an assessed value of improvements.

Once this omission was discovered, the County could and did go back 3 years to collect taxes on the omitted improvements. Had the Smiths sold this property in the meanwhile, a purchaser would not have been put on notice of the Assessor's omission; all the records would indicate the taxes due had been paid. There was no delinquency of record because of the omitted assessment. The new purchaser or encumbrancer would not have been given notice of a tax delinquency because the assessments had not been made, and the proviso would have been applicable. *Tomlinson v. Clarke*, *supra*; *Grand Inv. Co. v. Savage*, 49 Wn. App. 364, 368, 742 P.2d 1262 (1987).

Similar reasoning was followed in *Nickelson v. Board of Cy. Comm'rs*, 209 Kan. 53, 495 P.2d 1015 (1972). Construing a statute similar to Washington's,[4] the Kansas court

---

[4] "'It shall be the duty of the county clerks in all cases where any lands or improvements in their respective counties for any reason have not been assessed for taxation or have escaped taxation for any former year or years when the same were liable to taxation, to place the same upon the assessment and tax

explained: "[T]he statute is fashioned to enable the county clerk to place on the tax rolls whatever escaped tax or assessment the property should have borne in the first instance — but, as the proviso recites, not at the expense of a good-faith interim purchaser." *Nickelson*, at 56. Accordingly, the statute was construed as permitting an omitted tax assessment to be added to the tax rolls "except where the property has *in the meantime* changed hands other than by means of gift, will or inheritance." (Italics mine.) *Nickelson*, at 57. The Washington statute extends the same protection to interim encumbrancers and contract buyers, as well as purchasers.

Another issue neither raised nor briefed is whether the purchaser, the Smiths, can raise the possible defense of a nonparty, *i.e.*, Columbia Federal Savings & Loan. I choose not to discuss this issue.

There being no subsequent purchasers, encumbrancers, or contract buyers between completion of this apartment complex and the omitted assessment, the County should retain the taxes. I would reverse the Superior Court.

Review denied at 120 Wn.2d 1027 (1993).

---

rolls, and to charge against said lands or improvements taxes equal to and in accordance with the tax levies that would have been charged against said lands or improvements had they properly been listed and assessed at the time they should have been assessed under the provisions of the general laws governing the assessment and taxation of land: *Provided*, That no lands or improvements shall be assessed under the provisions of this section, where the same have changed ownership other than by will, inheritance or gift.' " *Nickelson*, at 55 (quoting Kan. Stat. Ann. § 79-417 (1989)).